JOHN PARKER, Appellant and Respondent, *v.* JAMES LANEY et al., Appellants and Respondents.

Where, in an action brought to recover damages for alleged wrongful acts and to restrain the continuance thereof, all the issues are ordered to be tried by a jury, the plaintiff does not waive his right to the equitable relief by proceeding to trial under the order. The verdict must determine all of the issues so as to enable the court to give judgment upon the entire case and as to all the relief demanded; if it does not it is defective and should be set aside. While the order remains in force the trial court has no authority to make additional findings upon which, together with the verdict, to render judgment.

The court has power in such an action to direct any or all of the issues of fact to be tried by a jury. (Code, § 354.)

Plaintiff brought his action to restrain the further commission of an alleged nuisance and for damages sustained in consequence thereof. The answer was, in substance, a general denial. The court directed all the issues to be tried by a jury. The jury rendered a verdict in favor of plaintiff for twenty-five dollars damages. *Held*, that the verdict necessarily found that defendants had committed the acts (presumptively all of them) charged, and that such acts produced the injurious results alleged, and authorized a judgment restraining such acts as well as for damages; and that upon the ordering of such judgment the costs were in the discretion of the court.

*Parker* v. *Laney* (1 N. Y. S. C. [T. & C.], 590) reversed.

(Argued September 29, 1874; decided October 6, 1874.)

APPEALS from order of the General Term of the Supreme Court in the fourth judicial department, reversing an order of Special Term which denied a motion on the part of defendants to set aside the findings and decision of the court, the judgment and all proceedings herein subsequent to verdict; also setting aside said findings and ordering the cause to be moved at Special Term on the equitable cause of action set forth in the complaint. (Reported below, 1 N. Y. S. C. [T. & C.], 590.)

Both parties have appealed from portions of the order; the plaintiff from that part reversing the order of the Special Term, and the defendants from that part of the order directing that the verdict should stand, and that a further trial be had at

Special Term and a determination made as to facts in issue, which were assumed by the General Term not to have been determined by the verdict, and were deemed essential to a determination of the rights of the parties, upon which additional facts and the verdict final judgment was directed to be given.

This action was brought to restrain the further continuance of an alleged nuisance, and to recover damages theretofore sustained thereby.

The complaint alleged that the plaintiff was the owner of a valuable house situate in the city of Rochester, in which he and his family resided. That the defendants were in possession of premises in the immediate vicinity, upon which they had erected certain wooden structures, used in part for the storage of old iron. That such iron was so handled and managed as to cause great and unpleasant noises, injurious to the comfort and health of the plaintiff and his family. That upon the roofs of the structures they spread old rags and sheepskins, for the purpose of drying, which emitted unwholesome, unpleasant, offensive and infectious odors and smells, whereby the health and comfort of the plaintiff had been greatly impaired, and demanded that the defendants be thenceforth restrained from the doing of these acts, and a recovery of damages theretofore sustained therefrom. The answer, among other things, denied the doing of the wrongful acts charged. The cause being at issue, was placed upon the calendar of the Special Term, and moved for trial before the court, whereupon the defendant demanded that it be tried by jury. The court ordered that the cause go over to the next circuit to be held in the county; and that a jury trial be had therein. In this order both parties acquiesced, and the cause was so tried, and the jury found for the plaintiff twenty-five dollars damages. The trial judge thereafter found certain additional facts as to the location of the premises and the extent and character of the acts complained of, and ordered judgment for the plaintiff, perpetually restraining the defendants from pounding old iron and other metals out-

side of their buildings, in such manner as that loud and unpleasant noises would enter the dwelling-house of the plaintiff and annoy the occupants thereof, and from spreading and drying rags and sheepskins so near the plaintiff's house as that unpleasant odors arising therefrom would enter said house, with the damages found by the jury and the costs to be taxed. Judgment was perfected accordingly.

*J. A. Stull* for the plaintiff. The verdict of the jury disposed of all the issues, and there was no need for further trial. (*Davis* v. *Morris*, 36 N. Y., 569.)

*J. C. Cochrane* for the defendants.

GROVER, J. Section 253 of the Code provides that actions for the recovery of money only or of specific real or personal property, or for divorce upon the ground of adultery, must be tried by jury, unless waived, as provided in section 266, or a reference be ordered. Section 254 provides that every other issue is triable by the court, which, however, may order the whole issue or any specific question of fact involved therein to be tried by a jury, or may refer it, etc. The latter section must, of course, so far as it provides for trial by the court, be controlled by section 2, article 1, of the Constitution, which provides that the trial by jury, in all cases in which it had been theretofore used, should remain inviolate forever; but this provision has no effect upon the power conferred to order a jury trial in all cases embraced in the section. The order for such trial was, therefore, valid, irrespective of the question whether the issues might have been tried by the court or not. The relief demanded was, in addition to a recovery of money, to restrain the defendants from the continuance of the acts complained of. This might all be obtained in one action. (*Corning* v. *Troy Iron and Nail Factory*, 40 N. Y., 191.) The plaintiff did not waive or at all affect his right to this relief by proceeding to a jury trial under the order. That order embraced all the issues in the cause, and all must be so

tried while the order remained in force. It follows that, while it so remained, it was irregular for the trial judge to find additional facts upon which, together with the verdict, judgment should be given. He had no authority to make any such finding. Had the order directed the trial of some specific question of fact only by jury, such a proceeding would have been proper. It follows that if the verdict did not determine all the material issues of fact, so as to enable the court to give judgment upon the entire case and as to all the relief demanded, it was defective, and should have been set aside as such and a new trial ordered. True the plaintiff might, if he chose, discontinue the action as to the additional relief, and enter judgment for the recovery of the money found by the verdict, but the defendants had no such right. It would have been improper for the clerk to enter judgment upon the verdict as in an action for the recovery of money only. It was for the court to make an order specifying the judgment to be given at the time the verdict was rendered, or upon further consideration, pursuant to section 264 of the Code.

This brings us to the question whether the verdict did determine all the issues so as to enable the court to give judgment upon the entire case. If it did it should stand, and such judgment be given. If not, as we have seen, it should have been set aside as defective and another trial had.

The issues were whether the defendants had done the acts charged in the complaint, and whether such acts produced the injury to the plaintiff's house complained of. The verdict necessarily finds that the defendants had committed some or all the acts charged — presumptively all — and that such acts did produce the injurious results to the plaintiff's house as charged. It therefore authorized a judgment restraining such acts. Such judgment was, therefore, properly ordered by the court. This made the costs discretionary. (Code, § 306.) In the exercise of its discretion the court gave costs to the plaintiff. The judgment being authorized by the verdict should stand as final between the parties.

The order of the General Term setting this aside and directing a trial of the issues other than that as to damages, should be reversed, and the order of the Special Term, so far as it denied the defendants' motion to set aside the judgment, affirmed. No costs of appeal to this court should be given to either party.

All concur, except Church, Ch. J., and Folger, J., not voting; Allen, J., concurring in result.

Ordered accordingly.