## SUPREME COURT.

THE PEOPLE OF THE STATE OF NEW YORK agt. THE METRO-POLITAN TELEPHONE AND TELEGRAPH COMPANY.

*Nuisance — Are telegraph poles and wires a nuisance — Who may maintain an action for the removal of a nuisance — Jurisdiction and practice of the court in actions in which both legal and equitable relief is demanded, directed to be tried at the circuit — Nonsuit — When not to be granted.*

An action may be maintained by the people of the state, through the attorney-general, for the removal of an alleged nuisance, and for an injunction restraining its continuance.

Where an action in which both legal and equitable relief is demanded in the complaint, is directed to be tried at a circuit court, and the jury have passed upon the questions of fact, it is appropriate and competent for the circuit judge to render a judgment, not only for the damages

found by the jury, but also restraining the defendant from the further continuance of the nuisance.

If there is any evidence, however slight, tending to prove the plaintiff's cause of action, the rule is that it is not within the power of the court to dismiss the complaint or order a nonsuit. Nor can the court grant a nonsuit on the assumption that the plaintiff's witness is not to be believed. Furthermore, in determining the propriety of a nonsuit, the court is legally bound to assume the truth of the facts which the testimony of the plaintiff legitimately conduces to prove, although their correctness may be controverted by the defendant's witnesses.

While it may be lawful and proper for a telegraph company to erect and construct a telegraph line through the streets of a city, it must be constructed so as not to incommode the public use of the street, and the fixtures and poles erected must be necessary.

In an action brought by the attorney-general in behalf of the people against a telegraph company for the purpose of obtaining both legal and equitable relief, to wit, to restrain and abate the alleged nuisance, and for damages for the injury alleged to have been sustained therefrom:

*Held,* that if the plaintiffs should succeed in establishing, to the satisfaction of the jury, that the poles in question do incommode the public use of the street in an unnecessary and unreasonable manner, not warranted by the statute, the plaintiff will be entitled at least to recover nominal damages, and a nonsuit is properly denied if the evidence shows that the plaintiff is entitled to recover even nominal damages.

*N. Y. Circuit, October,* 1882.

*Attorney-General Russell* and *L. E. Chittenden,* for plaintiff.

*Burton N. Harrison,* for defendant.

LAWRENCE, *J.* — When the trial of this action was adjourned last week, a motion was pending, on the part of the defendants, for a dismissal of the complaint on various grounds, some of which related to the jurisdiction and practice of the court, some to the form of the proceeding, and some to the evidence adduced by the plaintiffs to sustain their alleged cause of action. I will briefly examine the various grounds of the motion, as thus classified by me. In the first place, I under-

stand it to be contended by the learned counsel for the defend-
ant that all the cases cited by the defendant were suits in
equity, and that this court has no jurisdiction in equity. By
a reference to the complaint it will be seen that the action is
brought for the purpose of obtaining both legal and equitable
relief, to wit, to restrain and to abate the alleged nuisance, and
for damages for the injury alleged to have been sustained
therefrom. The case, it appears, was originally placed upon
the special term calendar, but, after examination, the learned
justice there presiding directed it to be tried at circuit. This
I regard, in substance and effect, as a direction that all the
issues be tried at circuit. If this view is correct, the case of
*Parker* agt. *Lanney* (58 *N. Y.*, 469) is directly in point.
That was an action brought to recover damages for alleged
wrongful acts amounting to a nuisance, and to restrain the
continuance thereof, and, the case being on the special term
calendar, the defendant demanded that it be tried by a jury,
and the court so ordered. The case was tried before a jury,
and a verdict rendered for the plaintiff for twenty-five dollars
damages. The trial judge thereafter found certain additional
facts as to the location of the premises and the extent and
character of the acts complained of, and ordered judgment for
the plaintiff perpetually restraining the defendants from the
further commission of those acts, with the damages found by
the jury, and costs to be taxed. The general term reversed
the order denying a motion on the part of the defendants to
set aside the findings and decision of the court, the judgment
and all other proceedings subsequent to the verdict, and set
aside said findings, and also ordered the cause to be moved at
the special term on the equitable cause of action set forth in
the complaint. On appeal, by both sides, to the court of
appeals, it was held that "the verdict of the jury necessarily
finds that the defendants had committed some or all of the
acts charged, presumptively all, and that such acts did produce
the injurious result to the plaintiff's house, as charged. It,
therefore, said the court, authorized a judgment restraining

said acts. Such judgment was, therefore, properly ordered by the court. * * * * The judgment being authorized should stand as final between the parties."

The court, therefore, reversed the order of the general term, and affirmed the order of the special term, so far as it denied the defendants' motion to set aside the judgment; and it held that it was irregular for the trial judge to find additional facts, upon which, together with the verdict, judgment should be given. This case plainly holds that where an action, in which both legal and equitable relief is demanded in the complaint, is directed to be tried at a circuit court, and the jury have passed upon the questions of fact, it is appropriate and competent for the circuit judge to render a judgment not only for the damages found by the jury, but also restraining the defendants from the further commission or continuance of the nuisance. I regard the case as conclusive authority for the position, that should this case be submitted to the jury, and a verdict found in favor of the plaintiffs, it would be competent for me not only to render a judgment for the abatement of the nuisance, and for the damages which might be found by the jury, but also a judgment restraining the continuance of the nuisance. If this action is to be regarded both as legal and equitable in its character, then the case of *The People* agt. *Vanderbilt* (26 *N. Y.*, 287) is an authority which holds that an action may be maintained by the people of the state, through the attorney-general, for the removal of an alleged nuisance, and for an injunction restraining its continuance. It is, however, contended by the learned counsel for the defendant, that this being a proceeding by the people, an indictment or an information are the only remedies to which the public can resort for a redress of their grievances. I was very much inclined, when the point was first presented, to sustain that view of the case, on the authority of the *The People* agt. *The Corporation of Albany* (*reported in* 11 *Wend.*, 543); but on the authority of the more recent cases to which I have referred, and regarding this case as both

equitable and legal in its character, I am of the opinion that the objection cannot be sustained. These conclusions lead me to the consideration of the objections which were taken by the counsel for the defendants to the character and effect of the evidence given by the plaintiffs for the purpose of establishing their alleged cause of action. Now it must be conceded that the defendants in this case start (assuming them to be a telegraph company) with a strong presumption in their favor. The statutes of this state provide for the formation of telegraph companies, and authorize them " to construct lines of telegraph along and upon any of the public roads and highways, or across any of the waters within the limits of this state, by the erection of the necessary fixtures, including posts, piers and abutments for sustaining the cords or wires of such lines, provided the same *shall not be so constructed as to incommode the public use of said roads or highways, or injuriously interrupt the navigation of said waters, nor shall this act be so construed as to authorize the construction of any bridge across any of the waters of this state* (2 *R. S.* [6th ed.], 633, *sec.* 5.) See, also, 2 Revised Statutes (*page* 635), where power is given to a telegraph association or company to erect and construct, from time to time, the necessary fixtures for such lines of telegraph upon, over or under any of the public roads, streets and highways, and subject to the restrictions in the said recited act contained. The first provision is from the Laws of 1848, chapter 265, and the second from the Laws of 1853, chapter 471, amending the act of 1848. The defendants were duly organized under those statutes and they have obtained from the superintendent of incumbrances, the chief officer of the bureau of incumbrances in the department of public works, a permit authorizing them to erect a line of telegraph poles in this city. The erection of telegraph poles in Twenty-first street cannot, therefore, be deemed *per se* a nuisance. On the contrary, *prima facie*, the erection of poles in said street by the defendants would be legal, because that which the lawful authority permits can

The People agt. Metropolitan Telephone and Telegraph Company.

never be a nuisance (*See Davis* agt. *The Mayor of New York*, 14 *N. Y.*, 524, 525; *and Easton* agt. *The New York and Long Branch R. R. Co.*, 24 *N. J.*, 49). But the plaintiffs contend that while it may be lawful and proper for the defendants to erect and construct a telegraph line, it must be constructed so as not to incommode the public use of the street, and that the fixtures and poles erected must be necessary, and they claim that in consequence of the height and size of the poles in question, the public use of said street is incommoded, and that said poles as constructed are unnecessary. If this be true in point of fact, it cannot be said that the erection of the poles by the defendant is a lawful act, nor can the doctrine laid down in the cases to which I have just referred be invoked to defeat this action. It has frequently been held that whether an alleged encroachment upon a public or private right is a nuisance or not is a question of fact (*See People* agt. *Horton*, 5 *Hun*, 520, *opinion of* GILBERT, *J*). The learned counsel for the defendant claims that as by the evidence of Mr. Brooks, it appears that at the time when these poles were erected, there was no one in the United States of America who could construct a subterranean telegraph, the witness being himself then in Europe, that there is no evidence to go to the jury upon the question of nuisance; and I understand him to argue that the testimony of Brooks entirely overcomes any opinion which the witness Chester may have expressed as to the feasibility of constructing a subterranean line. Even if this be so, there is evidence in the case, slight, perhaps, and vague in its character, tending to show that poles much smaller and occupying much less space would have been adequate for the defendant's purpose, and also that the poles, as constructed, are dangerous to life and property in case of fire. If there is any evidence, however slight, tending to prove the plaintiffs' cause of action, the rule is that it is not within the power of the court to dismiss the complaint, or order a nonsuit. Nor can the court grant a nonsuit on the assumption that the plaintiffs' witness is not

to be believed. Furthermore, in determining the propriety of a nonsuit, the court is legally bound to assume the truth of the facts which the testimony of the plaintiffs legitimately conduces to prove, although their correctness may be controverted by the defendants' witness.

Indeed, it has been held by the court of appeals, in the case of *Colt* agt. *Sixth Avenue Railroad Company* (49 *N. Y.*, 671), "that it is not enough to justify a nonsuit that a court, upon a case made, might, in the exercise of its discretion, grant a new trial. It is only where there is no evidence in law which, if believed, will sustain a verdict that the court is called upon to nonsuit; and the evidence may be sufficient in law to sustain a verdict, although so greatly against the apparent weight of evidence as to justify the granting of a new trial." I do not see, on the evidence as it stands, how, under these decisions, I can consistently nonsuit the plaintiffs on the ground that there is no evidence tending to show that the structures erected by the defendents incommode the public use of the street, or that, as constructed, they are unnecessary fixtures for the proper and reasonable transaction of the defendants' business. In arriving at this conclusion, I wish, however, to be distinctly understood as not intimating any opinion as to the weight to be given to such evidence by the jury. The evidence is in the case, and I cannot, without violating rules which it is well settled should control the conduct of a trial before a court and jury, refuse to submit the evidence to the jury.

Something was said in the argument about no damages having been shown to have been sustained in this case by the plaintiffs. The observations which I have made in regard to the points already discussed render a lengthy examination of that objection to the cause of action unnecessary. I will dispose of it, therefore, with the remark that, if the plaintiffs should succeed in establishing to the satisfaction of the jury that the poles in question do incommode the public use of the street in an unnecessary and unreasonable manner, not war-

ranted by the statutes, the plaintiffs will be entitled, at least, to recover nominal damages, and that a nonsuit is properly denied if the evidence shows that the plaintiffs aie entitled to recover even nominal damages (*See Van Rensselaer* agt. *Jewitt,* 2 *Com.*, 135).

For these reasons the motion to dismiss the complaint, on all the grounds stated by the defendants' counsel, will be denied, and the proper exceptions will be allowed.