By the Court,

Bronson, J.
The assise of nuisance, and the writ of quoad permiltat, for injuries of the character described in the declaration, have long since fallen into disuse; and an action on the case to recover damages has been substituted for the old common law remedies. The writ of nuisance was retained in the late revision of the laws; but there is little probability that this form of proceeding, which seems never to have been followed in this state, and which has been out of use in England more than a century, will now be revived. It is nevertheless a legal remedy, and if we can take any notice of the writ which has been inserted in the demurrer book, it seems that the plaintiff’s attorney originally contemplated proceeding in this form, but afterwards abandoned the writ for the more simple remedy of an action on the case. The declaration is sufficient, and the only question is, whether we can in chis form regard the variance between the writ and the declaration, or rather, whether on this demurrer we can take any notice whatever of the writ or process by which the action was commenced.
It was the ancient practice to repeat the whole original in the declaration, and if there was any material variance between the writ and the count, the defendant could take advantage of it by demurrer, plea in abatement, motion in arrest of judgment, or writ of error. The ancient practice has given place to a brief recital; that the defendant was summoned or attached to answer the plaintiff of a plea, &e.; stating the general nature of the action. The recital is not deemed an essential part of the declaration: and since this practice was adopted, the only way in which the defendant could take advantage of abad original, or variance between the writ and count, was by praying oyer and [442] setting out the writ. That course the defendant has not pursued; and we can take no notice of the paper which he has inserted in the demurrer book, purporting to be the copy of an original writ. Nothing is judicially before us in the present state of the cause but a declaration in the usual form, stating the defendant to be in custody, and an appearance and demurrer. The declaration being sufficient, the plaintiff is entitled to judgment.
But as the defendant will be allowed to amend, it may be proper to add, for the purpose of avoiding any further controversy about the writ, that the defendant can in no case crave oyer of the writ for the purpose of demurring or pleading a variance in abatement; and if oyer is demanded, the plaintiff may disregard it and proceed to judgment. The courts have for a long time refused to grant oyer of the writ; and have also refused to set aside the pro ceedings on motion for a variance between the original and the declaration. *250 If an attempt were made to reach the objection on a writ of error, by alleging diminution and praying certiorari to bring up the writ, the defect could be cured after verdict by the statute of amendments (2 R. S. 424, § 7). In other cases, the writ of error would be defeated by allowing the original to be amended, or permitting a new one to be filed. In short, there is no longer any form in which the defendant can take advantage of a variance between the original writ and the declaration, except in cases where he has been arrested and held to bail Rogers v. Rogers, 4 Johns. R. 485; Bull v. Bank of Utica, 6 Cowen 70; Durfee v. Heemstreet, 1 Wendell, 305; Hole v. Finch, 2 Wils. 393). Many of the cases are collected and very accurately stated in 1 Saund. 318, n. 3; 1 Chitty Pl. 438, 9; Stephen on Plead. 69, 421, 425, The defendant has been brought into court by summons (2 R. S. 332, § 3, 4) and he can suffer no injury by allowing the plaintiff to proceed on the declaration which has been delivered.
Judgment for the plaintiff.