## CORNES vs. HARRIS.

In the Common Law action by writ of nuisance, as retained and regulated by the Revised Statutes, it seems that the declaration must shew that the plaintiff has a freehold estate in the premises affected by the nuisance. This is a real action.

But in an *action on the case* for damages merely, sustained in consequence of the erection of a nuisance, it is enough that the plaintiff is in possession of the premises affected thereby.

The form of an action is determined by the matter set forth in the declaration, and not by the name which the plaintiff may give it. If, therefore, the pleader, in the commencement of a declaration, gives the action a wrong name, it will do no harm.

The plaintiff commenced his action by writ of nuisance pursuant to the statute. (2 *R. S.* 332.) The formal commencement of the declaration was appropriate to that action and referred to the writ; but the declaration contained no averment that the plaintiff had a freehold estate in the premises affected by the nuisance. It shewed, however, a good cause of action on the case, and concluded thus, "to the nuisance of said dwelling house and premises of the plaintiff and to his damage of five thousand dollars"; *held*, that it was a good declaration in an action on the case, although it shewed no ground of recovery in the action of nuisance proper; and therefore, that the Supreme Court was right in denying a motion made after verdict in arrest of the judgment.

Harris commenced an action against Cornes in the Supreme Court by writ of nuisance in the form prescribed by 2 R. S. 332, § 3. The declaration afterwards put in commenced thus: "Oneida County, ss. George Cornes was summoned by writ according to the form of the statute in such case provided, to answer Oliver Harris in a plea of nuisance, wherefore he hath raised a certain slaughter house, and divers cattle pens, hog pens, &c.; and thereupon the said Oliver Harris by, &c., complains of the said George Cornes: For that," &c. The declaration then went on to state that the plaintiff was *possessed* of a certain dwelling house and premises at Sangersfied, Onei-

da county, which he inhabited with his family; that the defendant was also possessed of certain premises contiguous to those of the plaintiff, and contriving, &c., on &c., and on divers other days erected on his premises a slaughter house, and cattle pens, hog pens, &c., and kept therein and slaughtered large numbers of cattle, hogs, &c., thereby causing noxious and offensive smells, and loud and offensive noises, and tainting and corrupting the atmosphere, so as to render the dwelling house and premises of the plaintiff unfit for habitation. There was no averment in either of the counts that the plaintiff *was seized in fee of the premises occupied by him, or that he had a freehold estate therein.* The conclusion was in these words: " to the nuisance of the said dwelling house and premises of the said plaintiff, and to his damage of five thousand dollars, and therefore he brings suit, &c."

The defendant pleaded not guilty, and on trial at the Circuit a verdict was had for the plaintiff for two hundred and fifty dollars damages. The defendant moved in the Supremo Court to arrest the judgment, which motion was denied and judgment rendered for the plaintiff for the above sum as damages, and the costs of suit. There was no judgment that the nuisance be removed. The defendant removed the record to this court by writ of error, and upon an allegation of diminution in the record and writ of *certiorari,* caused the writ of nuisance by which the suit was commenced, and the rule of the Supreme Court denying the motion in arrest to be certified to this court.

*W. Tracy,* for plaintiff in error insisted: (1.) The action is the Common Law assize of nuisance as modified by the provisions of the Revised Statutes, but not modified by any other statute, or rules of pleading or practice. (2.) The writ of nuisance could only be maintained by the owner of the freehold affected by the nuisance, and the Revised Statutes have made no change in the action in this respect. (*3Bl. Comm.* 220, 221, 222; 1 *Com. Dig. Assize, B. 4 B. 5;* 1 *Rolle* 271.) (3.) The declaration is bad therefore in substance, for not averring that the plaintiff owned the premises affected by the

nuisance as his freehold, and that the defendant erected the nuisance to its injury; and the defect is not cured by the verdict. (2 *Cowper* 825; *Graham Pr.* 2d *Ed.* 657 *and the cases there cited;* 1 *Term. Rep.* 470; 5 *Barn & Adol* 27; 1 *Johns.* 380; 10 *Do.* 369.) (4.) Each of the counts in the declaration being defective in substance, and showing no title to recover, the Supreme Court erred in denying the motion, in arrest. (*Graham Pr.* 641, *and the cases there cited.*) (5.) Our conclusion cannot be avoided by calling the action any thing else than a writ of nuisance. It is that or nothing. It is commenced by the writ provided by the statute. The declaration recites the original as a declaration in that action should, and it concludes as well as commences in nuisance. The difficulty is that if the declaration be true in every particular it does not authorize a recovery in that action. It is not an action *on the case* for a nuisance, which could only be commenced by capias or by declaration. It is a *real action*, as such known to the Common Law and expressly retained by the Revised Statutes, and being so regarded, the fatal defect is, that the plaintiff in his declaration shows no interest in the premises, which authorizes him to maintain it. (6.) The plea of the defendant taking issue upon the declaration did not cure its defects. If the declaration be bad in substance, the plea cannot make it good.

*C. P. Kirkland,* for defendant in error insisted: (1.) The *declaration* in this cause is *in case* for nuisance, a mere *personal action.* (2 *Chit. pl.* 769 to 776, *Phil. Ed.* 1828.) (2.) It *can not* be in *the real action* of nuisance, as it omits the distinguishing and vital feature of that action, viz: the averment of freehold or seizin in fee in plaintiff and defendant. (*Rast. Ent.* 441; *Yates Pl.* 520, 521; 2 *R. S.* 257, § 3; 3 *Christ Bl.* 220; 16 *Vin. Ab.* 22, *Nuisance D; Fitz: N. B.* 183, 4, 5; 2 *Saund Pl. and Ev.* 229, (686;) 1 *Com. Dig.* 306, (*D.* 1;) 3 *Ch. Bl.* 222; 16 *Vin.* 33, *Nuisance,* (*K.* 2;) 2 *R. S.* 256, 7, § 7). (3.) The *plea* is the proper plea in the *personal* action, not in the real. (*Jacks. Tr. Real Prop.: app.* 360 362.) (4.) The statement in the prefatory part of the decla-

ration, as to the manner in which the defendant below was brought into court, is perfectly immaterial. It may have been good ground of *special demurrer,* but nothing more. (5.) The only mode of taking advantage of a variance between the writ and declaration, as not being in the same action, was by motion to set aside the declaration for irregularity. (1 *Wend* 305 ; 4 *J. R.* 484 ; 12 *Wend.* 271.) (6.) It is not pretended that in this action, as stated in the declaration, the plaintiff is or possibly could be entitled to the judgment of removal given by the statute in the real action of nuisance. No such judgment has been asked for or rendered : but the plaintiff was entitled to his judgment on the verdict for his damages with costs as in any other personal action : and this is the judgment and the only judgment that has been rendered. (7.) The plaintiff in error neither has nor pretends to any *merits*—his ground is purely and merely *technical ;* and he could have availed himself of it only as a *matter of practice* by motion to set aside the declaration for a technical variance. (2 *R. S.* 344, *S.* 7, *sub.* 4, (2d ed.)

BRONSON, J.—If this is the old assise of nuisance, there is no doubt but that the declaration is insufficient and the judgment erroneous. But if it is an action on the case, it is equally clear that the declaration is sufficient and the judgment right. On the motion in arrest of judgment the Supreme Court held, and we think very properly, that it was an action on the case. The defendant insists that it is a writ of nuisance because the plaintiff has given the action that name in the commencement of the declaration ; and because a writ of nuisance seems to have been issued to bring the defendant into court.

It is not necessary to mention the form of the action in the commencement of the declaration ; and if the pleader gives it a wrong name it will do no harm. The form of the action is determined by the matter set forth in the declaration, and not by the name which the plaintiff may give it. (*Seneca Road Comp.* vs. *Auburn R. R. Comp.* 5 *Hill* 177 ; *A nder-*

*son* vs. *Thomas,* 9 *Bing.* 678 ; *Lord* vs. *Houston,* 11 *East* 62 ; 2 *Chit. Pl.* 12 *note (e.) Ed. of '37 Grah. Prac.* 202.) Disregarding, as we must, the misnomer, this is a very good declaration in an action on the case.

Now as to the writ. It is not a matter of any importance how the defendant came into court—whether he was served with a writ, capias, or declaration ; or whether he appeared voluntarily without process of any kind. It is enough that he appeared and pleaded to the declaration in an action of which the court had jurisdiction. He cannot afterwards object, not even by motion, that he was not regularly brought into court, or that the declaration varies from the process. The principle is a familiar one. If the defendant had moved, before pleading, to set aside the declaration for variance from the original, the motion would probably have been denied. (*Mc Farland* vs. *Townsend,* 17 *Wend.* 440.) And clearly the Supreme Court had nothing to do after verdict, when the motion in arrest was made, with the manner in which the defendant was brought into court, or with any supposed variance between the writ and the declaration.

We are all of opinion that the judgment should be affirmed.

Judgment affirmed.