By the Court. Oakley, Ch. J.
This was a motion to dissolve an injunction, restraining the defendant from carrying on the business of soap boiling, on the ground, that it was a nuisance, and should be discontinued. The defendant owns an establishment of this sort, situated on the south side of Reade street, near the Irving House, which extends back so far from Broadway, that its rear comes close to the soap factory. The defendant has earned on this business there for a long period, in truth for many years before the Irving House was established; but latterly it had been more or less the subject of complaint on the part of the neighbors; and, during the cholera, last summer,, an injunction was granted to prevent its continuance, on the application of the plaintiff, Howard. It was granted on a large number of affidavits of residents in the plaintiff’s hotel and in the neighborhood, physicians, &c., &c., ■ making out a yery strong case of nuisance, as well as of pecuniary damage to the plaintiff. On the motion to dissolve the injunction, the defendant produced and read numerous affidavits, also made by neighbors, and some by physicians, denying that the soap factory was offensive, or mitigating its character in that respect. The plaintiff'met these affidavits by others, from new deponents, strengthening his original case.
It is not necessary for the court to enter into a detailed examination of these affidavits. It is sufficient to remark, that the weight of evidence, upon the whole, is very strong to show, that the carrying on of this' business is not only noisome and offensive to the neighborhood, making the enjoyment of life and property uncomfortable; but is also injurious to health. This is to be taken as established by the affidavits before us.
The jurisdiction of the court of chancery, to the. powers of which in general this court has succeeded, has long been esta *283 Wished, in. this state, to restrain the continuance of nuisances. The court can prohiWt trades of this character from being carried on in a great city, or in a dense population, on the broad principle, that all trades which render the enjoyment of life and property uncomfortable, must recede with the advance of population, and be conducted in the outskirts of the city or in the country. This is on the principle of the law, that every man must so use his own property as not to injure the rights of his neighbors.
The idea was urged on us, that the business might be carried on in the winter season. It does certainly appear by the affidavits, that the factory was less offensive in the winter than in the summer; but they fall short of showing that the trade is not such as to make life uncomfortable, even in winter. Besides, it is not safe to apply the rule that a trade may not be carried on during one part of the year, and may be at another when it is less offensive. Such a rule seems to depend upon no principle, and to enforce it, would call upon the court for its constant interposition.
It is well settled, in cases of this kind, that it is not necessary a trade should be so injurious to health as to constitute a public nuisance, in order to have it restrained. Although not injurious to health, and merely offensive to the senses, making the enjoyment of life uncomfortable,” it might destroy a vast amount of property in its neighborhood. Ko man can exercise his own rights of property, to the injury of others. We have no hesitation in saying that the injunction must be sustained.
Motion denied.