JOHN J. HARDY, Respondent, *v.* THE CITY OF BROOKLYN, Appellant.

The provision of the charter of the city of Brooklyn (§ 27, title 19, chap. 863, Laws of 1873), exempting the city from liability for the misfeasance or nonfeasance of its officers, does not apply to a failure to discharge a duty resting upon the city itself, and which it has not devolved upon any of its officers.

In an action against the city for damages resulting from a nuisance alleged to have been caused by the negligent construction of a sewer, it appeared that by the plan of the sewer as adopted and filed by the board of water commissioners, it ran past plaintiff's premises to a point where it would find a proper discharge.    The sewer was constructed to a point a short distance above the plaintiff's premises, and then a wooden trough or

shoot was built to carry off its contents, in consequence of which noxious and deadly gases were emitted, injuriously affecting plaintiff's premises. *Held,* that the omission to complete the sewer was not a mere exercise of discretion, but a neglect of duty, for which defendant was liable ; also that the fact that the disposition of the contents of the sewer by the currents and tides contributed to produce the injury, did not exempt the city from liability.

Also *held,* that the negligence complained of was in the prosecution of a lawful purpose within the scope of the authority of said board, and so was chargeable upon the city.

A party who has caused an injury to another by failing to perform a duty cannot relieve himself from liability by showing that some cause arising out of such failure has contributed to produce the result complained of. *Smith* v. *City of Rochester* (76 N. Y. 506), distinguished.

(Argued November 16, 1882 ; decided November 28, 1882.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, entered upon an order made May 23, 1881, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

The nature of the action and the material facts are stated in the opinion.

*John A. Taylor* for appellant. The mere omission to construct the sewer beyond Twenty-eighth street was an exercise of discretion on the part of the water board, who were authorized to build the sewer, and comes within the exemption always extended by the courts to cities from the consequences of acts or omissions of their officers not ministerial in their character. (*Wilson* v. *New York*, 1 Denio, 595 ; *Willis* v. *City of Brooklyn*, 32 N. Y. 489.) So long as something remained to be done, or to be left undone, to perfect the evil complained of, the acts of the water board were incompleted acts, not ripened into causes of actions, at the time of the passage of the exemption acts. They were not the proximate cause of the evil. It was necessary that other acts and further omissions to act should intervene before the previous acts or omissions could properly be held to be tortious. (*Lozee* v. *Buchanan*, 51 N. Y. 476.) The municipal corporation being the creature of the statute, and therefore an artificial entity, can be charged

with no responsibility not within the terms of the creative acts as modified from time to time by the legislature and construed by judicial exposition. (*McCarthy* v. *Orphan Society*, 9 Cow. 437; *People* v. *Achinson*, 7 How. 241; *Turnpike Co.* v. *People*, 9 Barb. 161; 1 Kent's Comm. 463-4; Potter's Dwarris on Statutes, 189; *Gray* v. *City of Brooklyn*, 10 Abb. Pr. [N. S.] 186, 194; *Blake* v. *Ferris*, 5 N. Y. 48.) Acts relating to previous acts by amendment, or otherwise, are to be considered as relating to the act as amended, or as it stood at the time of the passage of the act. (*Board of Excise of Westchester Co.*, 9 Abb. N. C. 100; *Mundy* v. *Excise Com.*, id. 120; *Kugler's Appeal*, 55 Penn. St. 123; *Dawson* v. *Horan*, 51 Barb. 459; *D. & L. P. R.* v. *Allen*, 16 id. 15-17; *McKnight* v. *Dinsmore*, 22 Mo. 559; *Mills* v. *City*, 32 N. Y. 495; Sedgwick on Statutory Construction [2d ed.], 229.) The exemption clause of the charter of 1873 was amply sufficient in terms to bar this action. (*Butler* v. *Palmer*, 1 Hill, 324; 3 Black. Comm. 320; Cooley's Const. Lim. 184; *Ogden* v. *Saunders*, 12 Whart. 270.) If the wrongful act complained of was not exclusively a judicial act, then it was done without the scope of any authority conferred upon the water board, and the city is not, therefore, liable. (*Smith* v. *City of Rochester*, 76 N. Y. 506.)

*Jesse Johnson* for respondent. The board and officers by whom the sewer was built were officers of the defendant. (Laws of 1869, p. 168, § 1; Laws of 1870, p. 1506, § 1; *Kingsley* v. *Brooklyn*, 78 N. Y. 200; *Logan* v. *Brooklyn*, 52 id. 282; *Grant* v. *Brooklyn*, 41 Barb. 381; *Sleight* v. *Kingston*, 11 Hun, 594.) The court cannot ignore the unlawful act, because the injury, though certain, was not immediate. (*Swords* v. *Edgar*, 59 N. Y. 28; *Walsh* v. *Mead*, 8 Hun 387.) The statute in question will not be construed as attempting or purporting to exempt the city from the consequences of acts already done. (5 Abb. New Digest, paragraphs 84, 89, p. 596.) Were this law to be construed so as to release the city from liability for wrongful acts already done, it would be clearly un-

constitutional. (Federal Const., § 10, art. 2; *Hoffman* v. *City of Quincy*, 4 Wall. 535; *Roder* v. *S. E. R.*, 36 N. J. Law, 273; *U. S.* v. *Jefferson Co.*, 7 Cent. L. J. 130; 6 Rep. 160; *Marsh* v. *Town of Little Valley*, 64 N. Y. 116, 117; State Const., § 3, art. 8.) The liability of municipal corporations for actions founded on negligence and wrong is held to rest on contract. (*Conrad* v. *Trustees of Village of Ithaca*, 16 N. Y. 158, 163, 164; *Lorillard* v. *Town of Monroe*, 11 id. 392; *People, ex rel. Wygatt*, v. *Supers. of Chenango Co.*, id. 563, 573; *Morly* v. *Town of Newfane*, 8 Barb. 645, 647, 652, 653; *N. Y. and B. Saw Mill and L. Co.* v. *City of Brooklyn*, 71 N. Y. 580.) Before the defendant can begin to claim that it has exemption under that act, from this suit, it must show that the injury he complains of was caused by some misfeasance, or nonfeasance of duty, which occurred subsequent to the passage of this act, not merely of a duty imposed, but of a duty imposed on some person or some number of persons, and so imposed by the provisions of that act. (*Fitzpatrick* v. *Slocum*, 89 N. Y. 358.)

MILLER, J. This action was brought to recover damages incurred by the plaintiff in consequence of injuries sustained to his real estate in the city of Brooklyn by reason of the negligence of the defendant in the building of a sewer by means of which its contents were discharged so as to create a nuisance to the plaintiff's premises, and the principal question which arises upon the appeal relates to the liability of the city as a corporate body for the illegal acts of its officers and agents in the construction of such sewer. While under ordinary circumstances a municipal corporation would be held liable for damages sustained in cases of this character, an exemption is claimed to exist in favor of defendant by virtue of the Laws of 1862 (chapter 63, section 39), and especially by the charter act of 1873, section 27, title XIX, which is as follows: "The city of Brooklyn shall not be liable in damages for any misfeasance of the common council, or any officer of the city or appointee of the common council of any duty imposed upon them, or any or

either of them, by the provisions of this act, or of any other duty enjoined upon them, or any or either of them, as officers of government, by any provision of this act; but the remedy of the party or parties aggrieved for any such misfeasance or nonfeasance shall be by *mandamus* or other proceeding or action to compel the performance of the duty or by other action against the members of the common council, officer or appointee, as the rights of such party or parties may by law admit, if at all."

This provision of the statute has been the subject of judicial interpretation in the recent case of *Fitzpatrick* v. *Slocum*, * not yet reported, where the section of the act above quoted is cited. That action was brought against the defendant to recover for damages sustained by reason of injuries received by the plaintiff at a draw-bridge in the city of Brooklyn, which in consequence of negligence in protecting the same, had been left open, by means of which the plaintiff who was an infant stepped in between the bridge and the street and was seriously injured. It is said by Earl, J., who delivered the opinion of the court: "Under this section it is said that no liability in a case like this can be enforced against the city, and that the only remedy of the party injured is against some one or more of the city officers. We are of the opinion that the exemption created by this section is not so broad as claimed. There must be a remedy in such a case, where one is injured without fault of his own by a defect in one of the streets or bridges of the city, either against the city or some one of its officers. The primary duty to keep its streets and bridges in safe condition rests upon the city, and there is a general obligation upon it to use proper care and vigilance in putting and keeping its streets and bridges in such condition, and unless that duty has been plainly devolved upon some officer or officers of the city against whom a remedy for nonfeasance can be had, the remedy is against the city upon its obligation. That section does not exempt the city from liability to discharge a duty resting upon it and which it has not devolved upon any one of its officers.

---

* 89 N. Y. 358.

If the commissioners of the city works are not liable, as we hold they are not, and if there is no remedy against the police commissioners for not appointing and keeping at this bridge sufficient keepers, and we are also inclined to think a remedy against them would fail, then the remedy is against the city upon its primary obligation to keep its streets and bridges in a safe condition, and for not guarding this bridge sufficiently when it was operated for public use."

The argument of the learned judge was fully assented to by the other members of the court, and althought the case might have been decided without a consideration of this point, yet, inasmuch as it bore directly upon the question to be determined and expressed the opinion of the court, we are of the opinion that it must be regarded as a settlement of the question and an authority which should be followed. Assuming the question still open for review, we see no occasion for changing the conclusion arrived at or the views expressed. It is insisted, however, by the counsel for the appellant, that there has been a judicial exposition of the act in question in the case of *Gray* v. *City of Brooklyn* (10 Abb. Pr. [N. S.] 186), and that the interpretation therein given should be followed. In answer to this position, it is sufficient to say that that case was also cited by the court in the opinion of the learned judge in the case of *Fitzpatrick* v. *Slocum* (*supra*). It was held that the views expressed were not in conflict with any thing decided in the case of *Gray* v. *City of Brooklyn*, and it was said : " It was not decided that where an absolute duty rests upon the city, one who suffers injury from non-performance of that duty cannot in any case have his remedy against the city." This case must be regarded as decisive of the question discussed unless some distinction can be made which renders it inapplicable, or some rule invoked which exempts the defendant from liability.

It is claimed by the appellant that no such liability could attach to the defendant for the mere omission to construct the sewer beyond Twenty-eighth street, such omission being a mere exercise of discretion on the part of the water board,

and presents a case within the exemption which is extended by the court to cities in consequence of acts or omissions of their officers not ministerial. According to the plan filed, under the statute, the sewer in question was to be a main or trunk sewer, commencing at Third avenue, at Butler street, and to run past the plaintiff's property, which was between Twenty-eighth street and Third avenue, to Forty-ninth street below First avenue, where it would discharge into the ocean or channel of the river. It was built by commencing at the upper end, and when finished at Twenty-eighth street a wooden trough or shoot was built to carry off its contents, in consequence of which noxious and deadly fumes and gases were emitted, which created a nuisance and affected the property of the defendant. This was caused evidently by the negligence of the defendant's officers and agents in but partially carrying out the plans which had been adopted to dispose of the sewerage. We do not think that, under such circumstances, where there was a failure to carry out the plan adopted, it can be held that it was a mere exercise of discretion which exempted the defendant from liability.

The appellant claims exemption from liability upon the ground that it was not the erection and construction of the sewer which was the proximate cause of the injury, but the disposition of its contents by means of strong currents and tides prevailing in the vicinity. If the sewer had not been built in the manner in which it was, and the original plan had been fully carried out, it is probable and we think it must be assumed that this result would not have followed. It was the wrong originally committed which was the cause of the injury. If this had not been done there would have been no nuisance and no ground for complaint and inasmuch as the defendant suffered this to continue we are unable to perceive upon what principle it can claim exemption from liability in consequence of its neglect.

The argument is not a sound one that when a party has caused an injury by failing to perform a duty imposed, it can relieve itself from responsibility because some cause arising out

of such failure has contributed to produce the result which followed.

The counsel for the appellant also claims that if the wrongful act complained of was not exclusively a judicial act then it was done without the scope of any authority conferred upon the water board and the city is not therefore liable. We think that this position cannot be maintained. The act complained of was negligently performed in the prosecution of a lawful purpose and in the discharge of a plain duty. Under such circumstances it cannot be said that the water board acted outside of the powers conferred by the city charter and that the corporation is therefore relieved from liability.

In the case of *Smith* v. *City of Rochester* (76 N. Y. 506), which is relied upon the acts of negligence complained of were not done by officers who acted as agents or servants of the defendant and hence the case is not analogous to the one at bar.

We do not deem it necessary, in view of the conclusion at which we have arrived, to consider whether the fact, that the sewer was completed prior to the passage of the statute in question and that the injury occurred only after it was connected with houses, affected the application of the provision cited.

The judgment should be affirmed.

All concur, except TRACY, J., absent.

Judgment affirmed.