ELIAS WASSON, RESPONDENT, *v.* JOHN PETTIT, APPELLANT.

*Landlord and tenant — when a landlord continues liable, after leasing premises, for the negligent care thereof — liability of the landlord for a nuisance.*

In an action, brought to recover damages for injuries sustained by the plaintiff, in falling down certain steps leading to the cellar of a building owned by the defendant, because of the alleged negligence of the defendant in permitting the opening thereto to be unprotected, it appeared that, at the time of the accident, the building was in process of repair, and that such repairs had been partially completed; that the defendant had let out the cellar to which the steps in question led; but also that, notwithstanding this letting, the defendant assumed the charge and custody of the building and its surroundings, employed a watchman to take care of the building, and had erected guards around this entrance to the cellar.

*Held,* that a claim on the part of the defendant that, having let the basement and its approaches to a tenant, he was not further responsible for their condition, could not be sustained as it appeared that the defendant remained in possession of the approaches to this building, assumed the care of guarding them, and had a watchman engaged in looking out for the safety of the whole building, including the stairways in question; that having retained the control of the approaches he had not surrendered the same to his tenant, and having assumed the protection of the steps he was liable for his negligence in failing to protect them.

It further appeared that the cellar entrance encroached upon the sidewalk. and that by the maintenance thereof the defendant maintained a nuisance in the street.

*Semble,* that if the action had been brought for damages received by the plaintiff on account of the maintenance of this nuisance, no such question would arise, as was presented by the form of this action, based upon the allegation that the

defendant had been guilty of negligence, as it would not have been necessary to prove negligence in the case of the maintenance of a public nuisance whereby an injury had resulted to another.

APPEAL by the defendant from a judgment entered on the verdict of a jury for $2,000 in favor of the plaintiff, and from an order denying a motion for a new trial.

*Treadwell Cleveland,* for the appellant.

*L. J. Conlan,* for the respondent.

VAN BRUNT, P. J.:

This action was brought to recover damages for injuries sustained by the plaintiff in falling down certain steps leading to the cellar of a building owned by the defendant.

It appears, that at the time of the accident, the building was in process of repair, and such repairs had been partially completed, and that the defendant had let out the basement or cellars to which the steps in question led to a tenant, and such tenant had let out a portion thereof to a sub-tenant. It further appears, that, notwithstanding this letting, the defendant assumed the charge and custody of the building and its surroundings, as the evidence shows that he employed a watchman to take care of the building, and that he had erected guards around this entrance to the cellar. It appears, from the evidence, that this cellar entrance encroaches upon the sidewalk, and by the maintenance thereof the defendant maintains a nuisance in the street, and if the action had been brought for damages received by the plaintiff, on account of the maintenance of this nuisance, no question would arise, such as is presented, because of the form of action brought by the plaintiff, which is based upon the allegation that the defendant has been guilty of negligence. In the case of the maintenance of a public nuisance, whereby injury results, it is not necessary to prove negligence upon the part of the person sought to be charged, and the action proceeds upon a very different theory from that which governs actions based upon a liability founded upon negligence.

In the case at bar the defendant seeks to avoid his liability upon two grounds: First, that having let the basement and its approaches to a tenant, he was not further responsible for their condition; and,

**168** WASSON *v.* PETTIT.

second, that the defendant had taken due care in the guards which had been placed around the approach to the cellar, and that those guards were interfered with without his knowledge, and that so little time elapsed from the time of such interference that he could not be presumed to have notice of the fact, that by such interference the approach had been rendered dangerous.

It is urged, upon the part of the defendant, that there was no proof whatever which justified the submission to the jury of the question of the negligence of the defendant. It may be true that there was no direct conflict of evidence, but there was a conflict as to the manner in which this opening was guarded, arising from the very circumstance of the happening of the accident. It was claimed, upon the part of the plaintiff, that if this opening had been guarded in the manner claimed by the defendant, the accident could not possibly have occurred, and this seems to have been the view which the jury took of the question.

The accident having occurred, and the jury having found that it could not have occurred if the guards had been placed in the position claimed upon the part of the defendant, a necessary inference of negligence arose for which the defendant was responsible. Where an inference is to be derived from any evidence whatever, it is the province of the jury to draw such inference, and the court cannot arrogate to itself that privilege. The question as to the liability of the defendant and his negligence was carefully submitted to the jury by the learned judge who presided at the trial, and, although it is claimed upon the part of the appellant that he was mistaken in saying that there was an antagonism between the plaintiff and defendant upon the facts as developed by the evidence, yet such want of antagonism does not appear, but, on the contrary, it is evident that what the learned judge meant to say was, that there was an antagonism existing from the fact of the happening of the accident and the nature of the protection claimed to have been taken to prevent such accident. There seems, therefore, to have been a question upon which the jury had a right to pass, and that having passed upon this question against the defendant, this court should not, even if it had the inclination, interfere.

This brings us to the second ground upon which the defendant bases his claim of error; and that is, that the defendant was not in pos-

session of the stairway in question, but that it belonged to the tenant, and that it was because of the tenant's acts that the accident happened. If this were true it would be an answer to the claim made by the plaintiff against the defendant because of the happening of this accident. But it appears from the evidence that the defendant remained in possession of the approaches of this building. He assumed the care of guarding them; his watchmen were looking out for the safety of the whole building, including the stairways in question, and having retained the control of the approaches he had not surrendered the same to his tenants, and, having assumed the protection of the steps, his liability for his negligence arises in case such protection is faulty.

We do not find, therefore, any error which calls for a reversal of the judgment, and it should be affirmed.

BRADY and DANIELS, JJ., concurred.

Judgment affirmed.