ELIZABETH FISHER, Respondent, *v.* WILLIAM RANKIN, Appellant.

*Supreme Court, First Department, General Term, December 2, 1889.*

1. *Pleadings. Variance.*—A recovery on the ground that the defendant unlawfully interfered with the previous condition of a sidewalk, thereby rendering it unsafe and a nuisance, will not be sustained by a complaint for damages occasioned by the negligence and carelessness of defendant in failing to keep such sidewalk in safe and proper condition.
2. *Same. Amendment.*—An amendment, which changes an action from one for negligence to one for a nuisance, cannot be made upon the trial, or upon the argument of an appeal.

Appeal from a judgment recovered on a verdict, and from an order denying a motion for a new trial.

*Robert E. Deyo*, for appellant.

*Christopher Fine*, for respondent.

DANIELS, J.—The appeal in this action has already been heard and decided by this general term, but upon an application made by the defendant a re-argument has been ordered. This direction for the rehearing of the appeal proceeded to some extent upon the case of Wasson *v.* Pettit, 49 Hun, 166. The appeal has been again argued pursuant to this direction, and the point taken in support of it has now been made mainly dependent upon the construction to be placed upon the complaint in the action.

It was for a personal injury sustained by the plaintiff in falling upon the sidewalk on Forty-eighth street in front of premises owned by the defendant. This walk had been excavated to receive a concrete filling, and then to be covered by an asphalt or other smooth surface.

The plaintiff was passing along the walk on the 15th of July, 1884, and stepped upon that which had been excavated, and upon which a rough surface of cinders, ashes and broken stone had been placed. In endeavoring to pass along this part of the walk she fell and received severe injuries. The court in submitting the case to the jury placed the plaintiff's right to maintain the action wholly upon the question whether under the defendant's authority, or employment, an unlawful excavation had been made in the sidewalk, rendering it unsafe for use and substantially a public nuisance. Her right to maintain the action was in no respect made dependent upon the finding of fact by the jury that the defendant was chargeable with negligence for the condition in which this part of the walk had been placed. Upon that subject the charge was that it was not a case in which the jury could take into account the subject of negligence at all; but that it depended upon the unlawful interference of the defendant with the previous condition of the walk.

The defendant excepted to the submission of the case in this form to the jury, and claimed that without amending the pleadings they could not proceed on that theory.

Whether this exception was well taken depends wholly upon the construction to be placed upon the complaint. For no statement or admission contained in the defendant's answer enlarged the scope of the action as the complaint had been made to describe it. By the complaint it was stated that the defendant was the owner of the premises where the injury took place. And that the plaintiff was lawfully passing along the sidewalk in front of the premises. And "that while in the act of passing as aforesaid she stepped upon a flagstone placed on said sidewalk, when the said stone suddenly gave away from under her feet, and the plaintiff was thereby violently precipitated to the ground." Then it is stated that from her fall she had received the injuries for which remuneration was demanded in the action. And after that the complaint proceeded and stated:

III. That the said injuries were caused wholly by the carelessness and negligence of the defendant, in that among other things he failed to keep the said sidewalk in a safe and proper condition, but on the contrary permitted it to be and remain in an unsafe and dangerous state and condition, all of which the defendant well knew or ought to have known.

That this plaintiff did not through any fault or negligence on her part contribute to the said injuries. There was no statement or averment whatever that the defendant had unlawfully made or authorized the excavation in the sidewalk. But what he was charged with having done were acts and omissions which in judgment of law were careless or negligent. And no facts whatever were stated in the complaint characterizing what had been done as an unlawful interference with the surface, or any other part, of the sidewalk.

It is plainly evident that the cause of action set forth in the complaint depended wholly upon the charge made

against the defendant that this unsafe condition of the walk had been brought about wholly by his carelessness and negligence. And that presented a case entirely different from the case which the court in this manner submitted to the jury. A very manifest distinction in the law, as well as the facts, exists between the case stated in the complaint and that upon which the right of the plaintiff was made to depend in this submission of the action.

In Dickinson *v.* Mayor, etc., 92 N. Y. 584, this distinction was clearly maintained. For it was there said as to that case that " this was not an averment for keeping, maintaining and suffering a nuisance, but merely for negligence in not removing the ice and snow. The complaint was not for a positive wrong committed by the defendant, but for an injury sustained by reason of defendant's negligence. The authorities establish a distinction between an action for wrong and an action for negligence." Id. 588. And under a complaint alleging one cause of action, the plaintiff is clearly disabled by this principle from recovering for another not mentioned or referred to in any manner in the pleading. If she could recover at all, her right to do so was restricted to the case contained in her complaint. Stevens *v.* Mayor, etc., 84 N. Y. 296, 305; Day *v.* Town of New Lots, 107 Id. 149, 154–5; Neudecker *v.* Kohlberg, 81 N. Y. 296, 305. That she did not do in this case as it was submitted to the jury, and the exception taken by the defendant is well founded.

It has been urged by the plaintiff's counsel that this may be obviated by so amending the complaint as to make it conformable to the theory of the case on which it was submitted to the jury. But an amendment or change of that description cannot be made upon the trial, or after the trial upon the argument of an appeal. For the effect of that would be to change the action from one cause to another and different ground of action. And such a change cannot be, under the authorities, made to support the judgment from

which an appeal has been taken. Davis *v.* N. Y., etc., R. R. Co., 110 N. Y. 646.

In this respect the amendment or change would not be supported by anything which was said in Harris *v.* Tumbridge, 83 N. Y. 92. For it was there conceded that a new cause of action could not be introduced into the case by an amendment, either at the trial or upon an appeal. The only manner in which the error in the submission of the case can be corrected is by a new trial. And for that reason the judgment and order should be reversed and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and BARRETT, J., concur.