Daniels, J.
The appeal in this action has already been ■heard and decided by this general term, but upon an application made by the defendant a re-argument has been ordered. This direction for the re-hearing of the appeal proceeded to some extent upon the ease of Wasson v. Pettit, 49 Hun, 166. The appeal has been again argued pursuant to this direction, and the point taken in support of it has now been made mainly dependent upon the construction to be placed upon the complaint in the action.
*192 It was for a personal injury sustained by the plaintiff in. falling upon the sidewalk on Forty-eighth street in front of' premises owned by the defendant. This walk had been excavated to receive a concrete filling, and then to be covered by an asphalt or other smooth surface.
The plaintiff was passing along the walk on July 15, 1884, and stepped upon that which had been excavated, and upon which a rough surface of cinders, ashes and broken stone had been placed. In endeavoring. to pass along this part of the walk she fell and received severe injuries. The court in submitting the case to the jury placed the plaintiff’s right to maintain the action wholly upon the question whether under the defendant’s authority or employment, an unlawful excavation had been made in the sidewalk rendering it unsafe for use and substantially a public nuisance. Her right to maintain the action was in no respect made dependent upon the finding of fact by the jury that the defendant was chargeable with negligence for the condition in which this part of the walk had been placed. Upon that subject the charge was that it was not a case in which the jury could take into account the subject of negligence at all; but that it depended upon the unlawful interference of the defendant with the previous condition of the walk. The defendant excepted to the submission of the case in this form to the jury, and claimed that without amending the pleadings they could not proceed on that theory.
Whether this exception was well taken depends wholly upon the construction to be placed upon the complaint, for no statement or admission contained in the defendant’s answer enlarged the scope of the action as the complaint had been made to describe it. By the complaint it was stated that the defendant was the owner of the premises where the injury took place, and that the plaintiff was lawfully passing along the sidewalk in front of the premises, and that while in the act of passing as aforesaid she stepped upon a flag-stone placed on said sidewalk, when the said stone; *193 suddenly gave way from under her feet, and the plaintiff was thereby violently precipitated to the ground. Then it Is stated that from her fall she had received the injuries for which remuneration was demanded in the action. And after that the complaint proceeded and stated : That the said injuries were caused wholly by the carelessness and negligence of the defendant, in that, among other things, he failed to keep the said sidewalk in a safe and proper condition, but on the contrary permitted it to be and remain in an unsafe and dangerous state and condition, all of which the defendant well knew or ought to have known.
That this plaintiff did not through any fault or negligence-on her part contribute to the said injuries. There was no-statement or averment whatever that the defendant had unlawfully made or authorized the excavation in the sidewalk. But what he was charged with having done were-acts and omissions which in judgment of law were careless- or negligent. And no facts whatever were stated in the complaint characterizing what had been done as an unlawful interference with the surface, or any other part of the-sidewalk.
It is plainly evident that the cause of action set forth ir?, the complaint depended wholly upon the charge made-against the defendant that this unsafe condition of the walk had been brought about wholly by his carelessness audi negligence. And that presented a case entirely different: from the case which the court in this manner submitted to the jury. A very manifest distinction in the law, as well as the facts, exists between the case stated in the complaint and that upon which the right of the plaintiff was made to> depend in this submission of the action.
In Dickinson v. Mayor, etc., 92 N. Y. 584, this distinction was clearly maintained. For it was there said as to that case that “this was not an averment for keeping, maintaining and suffering a nuisance, but merely for negligence in not removing the ice and snow. The complaint was not for a positive wrong committed by the defendant, *194 but for an injury sustained by reason of defendant’s negligence. The authorities establish a distinction between an action for wrong and an action for negligence.” (Id. 588.) And under a complaint alleging one cause of action, the plaintiff is clearly disabled by this principle from recovering for another not mentioned or referred to in any manner in the pleading. If she could recover at all, her right to do so was restricted to the case contained in her complaint (Stevens v. Mayor, etc., 84 N. Y. 296, 305; Day v. Town of New Lots, 107 Id. 148, 154-5; Neudecker v. Kohlberg, 81 Id. 296, 305). That she did not do in this case as it was submitted to the jury, and the exception taken by the defendant is well founded.
It has been urged by the plaintiff’s counsel that this may be obviated by so amending the complaint as to make it conformable to the theory of the case on which it was submitted to the jury. But an amendment or change of that description cannot be made upon the trial, or after the trial upon the argument of an appeal. For the effect of that would be to change the action from one cause to another and different ground of action. And such a change cannot be, under the authorities, made to support the judgment from which an appeal had been taken (Davis v. N. Y., Lake Erie, etc. R. R. Co., 110 N. Y. 646).
In this respect the amendment or change would not be supported by anything which was said in Harris v. Tumbridge, 83 N. Y. 92. For it was there conceded that a new cause of action could not be introduced into the case by an amendment, either at the trial or upon an appeal. The only manner in which the error in the submission of the case can be corrected is by a new trial, and for that reason the judgment and order should be reversed and a new trial ordered, with costs to the appellant to abide the event.
Van Beunt, P. J., and Barrett, J., concurred.
*195 Note on the distinction in pleading, between negligence, NUISANCE, AND WILLEUL ACT.
At common law, in an action on the case for damages, the -question whether the pleader regarded the cause of action as negligence or nuisance was deemed of very little importance, if any, so far as concerns the ground of recovery at the trial (See Panton v. Holland, 17 Johns. 92; Adsit v. Brady, 4 Hill, 630); and the distinction is not much explained in the books. But under the Code it frequently confronts the practitioner.
The importance of this distinction, which cost the plaintiff his verdict in the case in the text, is enhanced by several practical considerations.
I. The Limitation.—First, the period fixed by the statute • of limitations within which to bring actions for negligence may differ from that fixed for nuisance or willful act.
Code Civ. Pro., § 383, subd. 5, provides that an action for a personal injury, resulting from negligence, shall be commenced within three years after the cause of action has accrued.
Code Civ. Pro., § 382, subd. 3, provides that an action for an injury to property shall be commenced within six years -after the cause of action has accrued.
This distinction, made by the general statute of limitations, turns on the thing injured, not on the cause of injury, although it is true that in the one more commonly the ground is damage by negligence, and damages by nuisance are more commonly to .property.
But the short limitation of actions against cities in this • State of over 50,000 inhabitants is confined to personal actions for negligence. 24 Abb. N. C. 293. The short limitation of actions against villages, however, for personal injuries is not •confined to those for negligence. L. 1889, p. 608, c. 440.
(See Webber v. Herkimer, etc. Street Rw. Co. (1888) 109 N. Y. 311; s. c., 15 State Rep. 262, where a carrier’s liability for • an injury to a passenger was held barred by the limitation for negligence even though the action be in form on contract.
And compare Maxson v. Del., L. & W. Rw. Co. (1889), 112 N. Y. 559; s. c., 21 State Rep. 767).
It may perhaps be a question which limitation applies when the structure or business is lawful, but becomes a nuisance by ■defendant’s negligence in managing it.
II. Notice or demand before suit.—Besides the familiar vule that as against the mere continuer of a nuisance created vy others notice is necessary, it is important to observe that .statutes in this State require presentation of claim to certain municipalities as a preliminary to some actions founded on" *196 negligence, but do not require it in those founded on a nuisance.
Frankel v. City of New York, 18 State Rep. 241; s. c., 2 N. Y. Supp. 294. Here, on the question of the necessity of the presentation of a claim to the city before suit, it was urged on behalf of the plaintiff that the action was not for negligence, but for damages caused by the existence of a nuisance ; and that, therefore, the act of 1886 could not apply, as in terms it is limited to actions arising from negligence. Patterson, J., said : “ The complaint does not sustain this contention. It is not charged that the alleged nuisance was created by the-city, or its officers or employes, but that the city negligently-suffered it to remain after notice of its existence. The city is. not liable for injuries caused by obstructions placed in the highway by third parties until after notice, actual or constructive. Hume v. Mayor, etc., 47 N. Y. 639. Upon such notice being given, it becomes the duty of the city to remove the obstruction, or cause it to be removed. Failure to do this is negligence. As against the other defendants, a cause of action is set forth, based upon a placing of a nuisance in the highway. Their liability arises independently of negligence. Congreve v. Smith, 18 N. Y. 79; Congreve v. Morgan, Id. 84; Irvine v. Wood; 51 Id. 224. But as to the city It would be responsible on the theory of its negligence.”
III. Legal or equitable relief.—The remedy afforded for injuries inflicted by negligence does not, as does that for nuisance often and for willful acts sometimes, include equitable relief. The only remedy for negligence is damages recoverable in an action of a legal nature. Nuisance is relieved against, also, in a common law action for abatement and in an equitable action for damages, injunction, or abatement or all, as the Case may be.
IV. Right of trial by jury.—Asa consequence there is a somewhat obscured distinction as to the right of trial by jury. An action for negligence is always thus triable as matter of right. An action for nuisance, if framed as an equitable action, is not within the constitutional right of trial by jury. Compare Parker v. Laney, 1 Supm. Ct. (T. & C.) 590; rev’d in 58 N. Y. 469; Hubbard v. Russell, 24 Barb. 404; Brown v. Woodworth, 5 Id. 550; Waggoner v. Jermain, 3 Den. 306; Van Bergen v. Van Bergen, 2 Johns. Ch. 272; Peck v. Elder, 2 Sandf. 129, n.; Neward v. Lee, 3 Sandf. 281; Ellsworth v. Putnam, 16 Barb. 565; Cornes v. Harris, 1 N. Y. 223. The right is given by statute in this State (Code Civ. Pro. § 968) in actions “for a nuisance,” without any express qualification. But the courts construe this clause as applicable only to the actions for such relief as might have been had at common. *197 law ; and if the action is framed for an injunction, a jury trial is no more matter of right than it was before the Code. Cogswell v. N. Y. & New Haven R. R. Co., 105 N. Y. 319 (en.gine-house adjoining a city residence); Olmsted v. Rich, 6 N. Y. Supp. 826 (keeping bees).
V. Contributory negligence.—The defense available in an ■action for negligence, that the plaintiff’s negligence concurred in producing the injury complained of is not available in an ■action for a willful wrong.
VI. Tests of the distinction between the causes of action.— There are many cases in which thé practitioner may well pause to consider whether he should allege negligence or nuisance. 'The owner of a house opens the street to lay his water pipes •or construct his coal hole, and omits to guard and light the ■excavation : should the gist of an action for an injury sustained by a passer-by, be nuisance or negligence ? Is the pleader bound under "the doctrine of the case in the text to indicate his theory of the action ? Is it not enough that he state the facts as held in Laflin Rand Powder Co. v. Tierney (Ill.), 23 Northeast Rep. 389, or must he choose his ground in the law also, and commit himself to it in the complaint F The •city builds a sewer which discharges sewage directly on plaintiff’s lot. Must plaintiff indicate in his pleading whether he ■claims for negligence, as Hardy v. City of Brooklyn, 90 N. Y. 435, or nuisance or for trespass, as in Seifert v. City of Brooklyn, 101 N. Y. 136; affi’g 15 Abb. N. C. 97; and Chapman v. City of Rochester, 109 N. Y. 301; affi’g 23 Weekly Dig. 424.
(Compare Ehrgott v. Mayor, etc. of N. Y., 96 N. Y. 264; rev’g 66 How. Pr. 161; Cohen v. Mayor, etc. of N. Y., 113 N Y. 532; Vogel v. Mayor, etc. of N. Y., 92 N. Y. 10).
Or is the delict of the owner a nuisance, and that of the •municipality in not removing it negligence. (Compare People ex rel. Bentley v. Mayor, etc., 18 Abb N. C. 123,—where mandamus was issued to compel the authorities to remove a side-walk obstruction because it was a nuisance,—with Kuntz v. City of Troy, 104 N. Y. 344, where the city was held liable for negligence to a person injured by such an obstruction.)
For the same cause of injury may be a nuisance considered as a cause of action against the creator of it, and negligence ■as a cause of action against one who neglected the duty of interfering to remove it. Tims an excavation in the highway may require the action against the maker of it to be for nuis■ance, but an action against the highway officer having funds, or the town or city, to be for negligence.
In Cleveland (City of) v. King, 132 U. S. 295, the supreme •court of the United States cut across this distinction, putting ■the recovery against a municipal corporation for" injury caused *198 by an obstruction created by private individuals, upon the-ground of liability for negligence; but citing as authority Cardington v. Frederic, 46 Ohio, where it was held that such an action was “ an action for a nuisance.”
Dickenson v. Mayor, etc. of N. Y., 92 N. Y. 584; affi’g 28 Hun, 254, accords with the language of the supreme court in Cleveland v. King, above cited.
Some minor distinctions are traceable, which may aid sometimes in determining these questions. The term nuisance implies something of continuity, persistence of conduct, or permanence of position or structure. The shock of a single blast by a contractor using too heavy a charge would be regarded as-negligence; the jar of a continuity of shocks caused by a. steam-engine too heavy for the building makes the running of the engine a nuisance. A single shriek of a locomotive whistle if injurious, is actionable on the ground of negligence if at all. The customary and habitual shrieking in a crowded city is. actionable as a nuisance. The same distinction is observable-in respect to willful wrong. A single aspersion may be slander; habitual aspersion, whether slanderous or not, may be a nuisance, as constituting a common scold.
It is not strange that writers on nuisance have declared the-word to be undefinable, so shadowy is the border-land between these several classes of wrongs. But a careful examination of the representative cases cited below will justify us in saying that the word as now used in the law may be justly defined as a continuing usé of property or course of conduct, which, even if it-would be rightful were the act done an isolated one, is by reason of the proximity of others, a violation of the-duty of good neighborhood, no matter whether it be careful, negligent or willful.
It will aid in solving such questions as these to consider what are the essential elements in each cause of action. Actionable negligence consists in the omission to fulfil a duty of' care. The complaint must allege facts which show that defendant was under a duty to take some degree of care in view of danger to plaintiff’s property or person ; and that he or his servants failed to do so to plaintiff’s injury. If this be shown, intent is not material except on the question of damages. The-right of recovery exists whether the omission was inadvertent, or willful, or whether it was inadvertent on the part of tlieemployer and willful on the part of the servant. It is true that some authorities have held that if willfulness is alleged there can be no recovery for negligence; but the better opinion is that if facts showing an omission of due care be alleged and. . proved the addition of an unproved allegation of willfulness does not vitiate.
*199 ■ Nuisance on the other hand is a use of property or a course of conduct which violates a duty of good neighborhood ; and negligence and willfulness are alike immaterial, unless it may be on the question of damages. A bone boiling establishment in a remote and isolated place is rightful; but if the town of residences grows out to it, it may be a duty of good neighborhood to cease the use of the place for such offensive work; and the fact that the owner is as careful as possible, and has no intent to injure others will not justify the continuance of a process which proximity has made noxious to the community.
The law of negligence is growing up out of the increasing duty of care upon all persons in the increasingly crowded communities and increasingly dangerous instrumentalities of modern times. The law of nuisance is growing up out of the increasing necessary restrictions on otherwise lawful conduct and uses of property in such communities. Negligence usually consists in the manner of doing a thing, whether the thing in itself be lawful or unlawful. Nuisance consists in the thing itself considered in its proximity to other persons, whether the manner of it be careful or careless.
VII. Examination to enalte to frame complaint.—For the right to examine defendant, to enable plaintiff to frame his complaint, see 2 Abb. New Pr. & F. 419.
VIII. Amending at the trial.—The doctrine of the text that these are different causes of action precludes amending from, one to the other at the trial.
But if one is sufficiently alleged, other allegations connected therewith and not necessary to that cause of action, but appropriate and even sufficient to establish another cause of action, may be allowed to be struck out at the trial.
Thus in an action for nuisance allegations of a trespass may be got rid of.
And in action for negligence allegations of willful wrong may be dropped.

Notes of Gases.

The following cases are selected for their aptness in illustrating some of these distinctions.
1. Wason v. Petitt, 49 Hun, 166; s. c., 16 State Rep. 778. Here the injury was sustained by falling down the cellar steps of a building owned by defendant. The court held defendant liable on the ground alleged, of negligence, because although he had let out the cellar he had assumed charge of the steps and the care of guarding them ; but added a dictum that the steps being an encroachment on the sidewalk were a nuisance, and if the complaint had been appropriately framed,, plaintiff might have recovered without proving negligence.
*200 2. Jennings v. Van Schaick, 20 Abb. N. C. 324. Action to recover damages sustained by plaintiff by reason of falling into a coal-hole in the sidewalk on defendant’s premises. It appeared that the coal-hole had been maintained for a long period without any permission or license therefor, and that it was left unprotected by any crib or curb while open.—Meld, upon appeal from a judgment in plaintiff’s favor, that the eoal-hole was a nuisance, and it was sufficient for plaintiff to prove that in passing along the sidewalk, she was injured by such structure, .and that it was not necessary to prove negligence. Also, that one who •passes along the sidewalk has the right to assume that such structures ¡are safe, and is not negligent for not being on his guard.
3. Dickinson v. Mayor, etc., 92 N. Y. 584. The complaint, among ■other things, alleged that defendant “ improperly, carelessly, negligently and unlawfully suffered ice or snow to be and remain upon the crosswalk on the east side of Eighth avenue, at the intersection of Eighteenth street, in the city of New York, in such a rough and uneven condition that a person could not walk over it without danger of falling down,” and by reason thereof “plaintiff, while lawfully passing over and on said crosswalk, and without any fault on her part, was suddenly precipitated upon the ground,” thereby causing injury. The defendant •answered alleging that more than three years had elapsed before the .cause of action accrued, and hence it was barred by the statute.—Held, upon appeal, that the allegations in the complaint tended to establish that the defendant neglected to perform a duty by not removing the ice and snow from the sidewalk; that this was not an averment for maintaining a nuisance, but merely for negligente; that the action being based solely upon negligence and not maintainable unless brought within three years, plaintiff could not recover.
4. Cohen v. Mayor, etc. of N. Y., 113 N. Y. 532; s. c., 23 State Rep. 509. When a city, without pretense of authority, and in direct violation of statute, assumes to grant to a private individual the right to obstruct the public highway while in the transaction of his private .business, and for such privilege takes compensation, it must be regarded .as itself maintaining the nuisance so long as the obstruction is continued by reason of and under such license, and it must be liable for all damages which may naturally result to a third person who is injured in his person or his property by reason or in consequence of the placing of such obstruction in the highway.
5. Conchocton Stone Road v. Buffalo, N. Y. & Erie R. R. Co., 51 N. Y. 573. Action to recover damages for injuries to plaintiff’s road-bed caused by the same being washed and flooded. The complaint alleged, that an enbankment and bridge, built and constructed by defendant, at *201 :and over a certain creek, dammed the stream so as to produce the flood and injury. It appeared that the nuisance had not been erected by defendant but merely continued by it, and that no evidence had been adduced showing notice to defendant or knowledge by it of the existence •of the nuisance.—Held, upon appeal from a judgment in plaintiff’s favor, that where a nuisance was erected by a previous and continued by a subsequent owner, it is necessary to show before the commencment ■of the action against the latter, that he had knowledge of its existence.
6. Splittorf v. State, 108 N. Y. 205. Plaintiff’s intestate, in attempting to cross a bridge to go to a ferry, fell from the abutment into the channel and was drowned. The bridge and a towpath thereon were entirely upon State lands and formed no part of any public highway ; they were intended for use solely in connection with the navigation of a canal. It appeared that persons going to and coming from the ferry were accustomed to cross over the bridge. It was shown that the bridge had been pushed out of its place about two thirds of its width by a passing canal boat, leaving about four feet only in width of the bridge connected with the towpath.—Held, upon appeal from a decision of the board of claims •dismissing a claim for damages, that the State owed no duty to the public, -at least except to those navigating the canal, to keep the bridge in repair, and was not chargeable with negligence in omitting to keep it .securely fastened.
7. McCaffrey v. Twenty-third St. R. R. Co., 47 Hun, 404. Action .to recover for injuries caused while crossing a street by stepping on a coil ■of wire trailing behind one of defendant’s street cars, such wire being no part of the gearing of the car. —Held, upon appeal from a judgment ■dismissing complaint, that it was incumbent on plaintiff, in order to recover, to show, either that defendant’s employees had actual notice of the presence of such wire, or that it had been there a sufficient length of time so that they would have discovered it by the exercise of due care.
8. In Donner v. Ogilvie, 49 Hun, 229, a complaint against a landlord for injuries to a person from the demised premises being simply unsafe, —was Held not sufficient, for it did not charge knowledge or agreement to make safe on the landlord’s part, so as to bring the case within the rule in Carson v. Godley, 26 Penn. St. 111; nor allege an express agreement to repair so as to show negligence within the rule in Davenport v. Ruckman, 37 N. Y., 568-574; nor did the allegations suffice to show a nuisance ; nor was it shown that the landlord retained control over the ■unsafe part of the structure so as to bring the case within the rule in Bold v. O’Brien, 12 Daly, 160.
9. Dunsbach v. Hollisters, 49 Hun, 352 (wind blown sand heap case). *202 Held that as the business was lawful, negligence must be shown. The-complaint alleged that the defendant left the heap wholly uncovered; also that the business as conducted by him was a nuisance. Recovery-on evidence of negligence sustained; and injunction allowed.