ANDREWS *vs.* SHATTUCK.

To render a demand and refusal to deliver goods equivalent to direct proof of a conversion, it must appear that the party had the actual possession, at the time of the demand, and thus had power to comply with it; or that he had, before that time, parted with the goods fraudulently, with a view to evade the demand, or for his own benefit.

If, at the time the demand is made, the goods are in the actual possession of another, and the person of whom the demand is made has not, and never had, any control over them, the fact that he claims the goods, and declares they are his own property, will not amount to a conversion.

Nor will the fact of his giving an undertaking, to prevent the delivery of the property by the sheriff, to the plaintiff in an action brought to recover the possession, operate as an estoppel *in pais.*

APPEAL from an order made at a special term, granting a new trial.

*S. D. Lewis,* for the plaintiff.

*D. T. Walden,* for the defendant.

*By the Court,* BROWN, J. The plaintiff recovered a verdict in this action for the sum of $5000, the value of the goods claimed in the complaint, and for $281.96 damages, at the Kings circuit before Mr. Justice LOTT, which was afterwards set aside at the special term, on motion of the defendant, and thereupon the plaintiff appealed.

The action is brought to recover the possession of certain bundles of telegraph wire shipped from London, by the plaintiff, to one Sherman Webster, in New York, in October, 1856. The defendant claimed the property as owner, by purchase from Webster on credit. The title of the plaintiff to the property is by no means free from doubt; for portions of the evidence tends to show that Webster and Andrews, the plaintiff, were joint owners, while the invoice of the goods and the letters and correspondence of the plaintiff tended to establish a sale from him to Webster, the receiving of the notes

Andrews *v.* Shattuck.

of the latter in payment, and the giving of a receipt in full. The jury, however, by their verdict, found the title to the goods to be in the plaintiff, and that Webster had no authority to sell upon any other terms but cash. If there were no other impediment in the way of the plaintiff's right to retain the verdict, it would become a serious question how far it could be disturbed under the conflicting proof upon which it was rendered. The circumstance disclosed by the proof, however, suggests another consideration, fatal, I think, to the plaintiff's right to maintain the action.

It is not claimed that the defendant took these goods tortiously. The most that the plaintiff asserts is that they were consigned to Sherman Webster to sell for cash, for the benefit of the plaintiff, and that Webster, in disregard of his instructions, made the sale to the defendant and received his paper in payment, payable on time. This theory implies that the goods came to the possession of the defendant by delivery from the plaintiff's agent who had authority to sell and deliver. This state of things imposed upon the plaintiff the burden of proving a conversion by the defendant. This he attempted to do; for he proved that he demanded the goods from the defendant before the commencement of the action, and the defendant failed to deliver them. To render a demand and refusal equivalent to direct proof of a conversion, it must appear that the defendant had the actual possession at the time of the demand, and thus had power to comply with it; or that he had before that time parted with the goods fraudulently with a view to evade the demand, or for his own benefit. It is an undisputed fact in the case that the goods were seized by the collector, under the revenue laws of the United States, as they entered the port of New York, under a claim that they were forfeited in consequence of a fraudulent undervaluation in the invoice. That an action for their condemnation was immediately commenced in the United States district court. That the goods were taken under the process of the court, by its proper offi-

cer, and retained in his custody until the termination of the litigation, which was some time after the commencement of this action. The defendant, therefore, upon this state of facts, never had the possession of the goods, and could not be guilty of a conversion, either actual or constructive. Never having had them under his control, he could not deliver them upon demand of the plaintiff, supposing him to have been the true owner; nor could he part with them to another person, either fraudulently or otherwise. The proof that he claimed the goods, and declared they were his own property, was of no avail, in the face of the fact that they were then, and had been from the time they came to this country, in the actual possession of another. And so also with regard to the giving of the undertaking by the defendant to prevent the delivery of the property by the sheriff to the plaintiff, when the action was commenced. It cannot operate as an estoppel *in pais;* for it lacks some of the essential qualities of such an act, and as proof of the conversion it is overcome by the proof of the actual possession by the United States officer.

The order appealed from should be affirmed, with costs.

[ORANGE GENERAL TERM, September 10, 1860. *Lott, Emott* and *Brown,* Justices.]