MARGARET A. DICKINSON, Appellant, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

Plaintiff's complaint alleged that defendant "improperly, carelessly, negligently and unlawfully suffered ice and snow to be and remain upon the crosswalk," at the intersection of two streets in the city of New York ; that in consequence thereof, plaintiff, while passing over said crosswalk, was thrown to the ground and injured, and plaintiff asked to recover the damages sustained. *Held*, that the action was " to recover damages for a personal injury resulting from negligence " within the meaning of the provision of the Code of Civil Procedure (§ 383), limiting the time for the commencement of such action to three years.

*Irvine* v. *Wood* (51 N. Y. 228), *Clifford* v. *Dam* (81 id. 56), *Sexton* v. *Zett* (44 id. 431), *Creed* v. *Hartmann* (29 id. 591), *Congreve* v. *Smith* (18 id. 82), distinguished.

The provision of said Code (§ 410) providing that where " a demand is necessary to entitle a person to maintain an action, the time within which the action must be commenced must be computed from the time when the right to make the demand is complete," is applicable to actions against the city of New York.

Such an action is not saved from the operation of said provision by the provision (§ 3341) declaring that " any special provision of the statutes remaining unrepealed * * * which is applicable exclusively to an action " against said city shall not be affected by the Code.

The provision of the charter of said city of 1873 (§ 105, chap. 335, Laws

of 1873) providing that no action shall be maintained against the city "unless the claim upon which the action is brought has been presented to the comptroller and he has neglected for thirty days after such presentment to pay the same" was intended for the benefit of the city, not of claimants, and does not deprive the city of the benefit of the said provision as to the time when the statute of limitations begins to run.

Accordingly, *held*, that, as it was set forth in the complaint that the accident happened in January, 1877, and that the claim was presented to the comptroller in April, 1881, the action was barred.

*Fisher* v. *Mayor, etc.* (67 N. Y. 76), distinguished.

(Submitted May 3, 1883; decided June 5, 1883.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made at the November term, 1882, which affirmed a judgment entered upon an order sustaining a demurrer to a count of the defendant's answer. (Reported below, 28 Hun, 254.)

The complaint in this action among other things alleged that the Eighth avenue, in the city of New York, is a public thoroughfare, and that it was and is the duty of the defendant to keep and maintain the streets and avenues of said city, including the said Eighth avenue, in good order and repair, and not to suffer ice or snow to be or remain in such a rough and uneven condition on the crosswalks thereof as to be unsafe and dangerous to foot passengers. That the defendant "improperly, carelessly, negligently and unlawfully suffered ice or snow to be and remain upon the crosswalk on the east side of Eighth avenue, at the intersection of Eighteenth street, in the city of New York, in such a rough and uneven condition that a person could not walk over it without danger of falling down," and by reason thereof "the plaintiff, on or about the 10th day of January, 1877, while lawfully passing over and upon said crosswalk, and without any fault on her part, was suddenly precipitated, cast and thrown upon the ground, thereby fracturing her left thigh or hip." It then alleges the damages suffered by her, for which she claims to recover, to be $15,000, and that on the 28th day of April, 1881, the plaintiff presented the

claim on which this action is brought, in writing, to the comptroller of the city of New York, and demanded payment thereof, but that he has neglected for thirty days after such presentation to pay the same.

To this alleged cause of action the defendant, for its fourth answer, alleged " that more than three years have elapsed since the cause of action set forth in the complaint accrued, and that the right of the plaintiff to make the demand necessary to entitle her to maintain an action therefor was complete more than three years before the commencement of this suit."

*Clifford A. H. Bartlett* for appellant. The continuance of a defect or obstruction in a public street, which it is the duty of the city to remove, is a nuisance. (Dillon on Mun. Corp., §§ 520, 541, 764; *King* v. *Russell,* 6 East, 430; *Hines* v. *Lockport,* 5 Lans. 19; Angell on Highways, §§ 223, 225; *Weet* v. *Brockport,* 16 N. Y. 172; *Brower* v. *Mayor,* 3 Barb. 258; *Robinson* v. *Chamberlain,* 34 N. Y. 389, 390; *Hutson* v. *Mayor,* 9 id. 169; *Ham* v. *Mayor,* 37 Sup. Ct. 468.) Ice or snow suffered to remain for a long time in a rough and uneven condition on a public street is a nuisance. (9 Md. 178; *Kirby* v. *Boylston Market Assoc'n,* 80 Mass. 249, 251, 252; *Cook* v. *City of Milwaukee,* 24 Wis. 274; *McAuley* v. *Boston,* 113 Mass. 505; *Street* v. *Holyoke,* 105 id. 85; *Stone* v. *Hubbardston,* 100 id. 56, 57; *Luther* v. *Worcester,* 97 id. 272; *Hutchins* v. *Boston,* 94 id. 572, note; *Stanton* v. *Springfield,* id. 569; *Savage* v. *Bangor,* 40 Me. 179; *Smyth* v. *Bangor,* 72 id. 251; *Collins* v. *Council Bluffs,* 32 Iowa, 328; *McLaughlin* v. *City of Corry,* 77 Penn. St. 113; *Hubbard* v. *Concord,* 35 N. H. 69; *Hodges* v. *Hodges,* 46 Mass. 211; *Wenzlick* v. *McCotter,* 87 N. Y. 128; *Swords* v. *Edgar,* 59 id. 34; *Billings* v. *Worcester,* 102 Mass. 333.) In cases of nuisances no question of negligence is involved. (Shearman and Redfield on Negligence, §§ 84, 363; *Muller* v. *McKesson,* 73 N. Y. 204; *Woolf* v. *Chalker,* 31 Conn. 130; *Irvine* v. *Wood,* 51 N. Y. 228; *Clifford* v. *Dam,* 81 id. 56; *Sexton* v. *Zett,* 44 id. 431, 432; *Creed* v. *Hartman,* 29 id. 597; *Congreve* v. *Smith,* 18 id 82;

*Dygert* v. *Schenck*, 23 Wend. 447; *Nichols* v. *Marshland*, L. R., 10 Exch. 259, 260; 22 Hun, 61, 62; *Eakin* v. *Brown*, 1 E. D. Smith, 45, 46.) The right of action did not accrue until demand was made upon the comptroller. (Laws of 1873, chap. 335, § 105; *Fisher* v. *The Mayor*, 67 N. Y. 76; *Taylor* v. *The Mayor*, 52 How. 78; *Moser* v. *Mayor*, General Term, May, 1879; Code of Civ. Pro., § 3341.)

*D. J. Dean* for respondent. In the case at bar the alleged injury sustained by the plaintiff has been occasioned by the negligence of the defendant in omitting to perform the duty resting upon it in relation to caring for the streets, and is within the six years' limitation. (Code, § 382.) The period within which the plaintiff's action must be commenced under the statute began to run against the plaintiff when the right to make the demand was complete. (Code, § 3341; *Meehan* v. *Mayor*, 28 Hun, 642.) The statutes requiring demand to be made upon the city, prior to the commencement of an action, do not, upon principle, postpone the operation of the statute of limitations until such demand has been made. (Laws of 1873, chap. 335, § 105; *Fisher* v. *The Mayor*, 67 N. Y. 73; *Van Wart* v. *The Mayor*, 52 How. 78; *Brust* v. *Barrett*, 16 Hun, 409; *Stafford* v. *Richardson*, 15 Wend. 302; *Lyle* v. *Murray*, 4 Sandf. 590; *Palmer* v. *Palmer*, 36 Mich. 487; *White* v. *Southland*, 2 Alb. Law Jour. 50; *Sweet* v. *Irish*, 36 Barb. 467; *Payne* v. *Gardner*, 29 N. Y. 146.)

MILLER, J. The complaint in this action alleges, mong other things, that the defendant improperly, carelessly, negligently and unlawfully suffered ice or snow to be and remain upon the crosswalk on the east side of Eighth avenue at the intersection of Eighteenth street in the city of New York, and that, by reason thereof, plaintiff sustained injuries for which she seeks to recover damages in this action. The appellant's counsel claims that the limitation within which the action must be brought is six years for the reason that the continuance of a defect in the public street is a nuisance which it is

the duty of the city to remove; that being such no question of negligence is involved, and that the legislature has provided different limitations for actions for personal injuries resulting from negligence and actions for personal injuries otherwise than from negligence. In this case it appears that the snow and ice were formed on the crosswalk from causes over which the defendant had no control. The allegations in complaint tend to establish that the defendant neglected to perform a duty by not removing the ice and snow from the walk. This was not an averment for keeping, maintaining and suffering a nuisance, but merely for negligence in not removing the ice and snow. The complaint was not for a positive wrong committed by the defendant, but for an injury sustained by reason of defendant's negligence. The authorities establish a distinction between an action for wrong and an action for negligence. (*Muller* v. *McKesson*, 73 N. Y. 204; 29 Am. Rep. 123; *Irvine* v. *Wood*, 51 N. Y. 228; 10 Am. Rep. 603; *Clifford* v. *Dam*, 81 N. Y. 56; *Sexton* v. *Zett*, 44 id. 431; *Creed* v. *Hartman*, 29 id. 591; *Congreve* v. *Smith*, 18 id. 82.)

In the cases cited no question of negligence was presented and the causes of action arose from a wrongful act of the defendants, which produced the injury aside from the negligent act or conduct of the defendants.

Some authorities are cited by appellant's counsel to sustain the doctrine that any obstruction or act, which unnecessarily incommodes or impairs the lawful use of the highway by the public, is a nuisance. Conceding the correctness of the rule laid down we do not think it is applicable to a case where the gist of the action, as alleged here, is the carelessness and negligence of the defendant and where the alleged obstruction is the mere casual existence of snow and ice which was not caused by any act of the defendant or allowed to remain by a positive wrongful act. We have examined the authorities cited by the appellant's counsel in regard to the liability of municipal corporations to keep their streets in repair and to prevent and remove obstructions, but we think that

none of them go to the extent of holding that mere negligence in failing to remove a temporary obstruction of itself constitutes a nuisance which renders the defendant liable for a wrong, where such obstruction is only claimed to have been carelessly and negligently caused. A case may arise where, if ice and snow are suffered to remain for a long time in a rough and uneven condition on a public street, it may constitute a nuisance. (*Mayor, etc.,* v. *Marriott,* 9 Md. 178.) No such cause of action is alleged in the complaint in this case. It is evident that the injury to the plaintiff, as alleged in the complaint, was caused by the negligence of the defendants in omitting to perform the duty imposed upon it in relation to taking care of the streets. The plaintiff, to establish her case, must show that the defendant has failed to use ordinary diligence. It is not alleged that any act of the defendant caused the accumulation of the ice or snow, and the action is founded upon the negligence alone in omitting to perform a public duty and not upon a wrongful act in constructing an obstacle which created a nuisance. It is plain, therefore, that the cause of action alleged in the complaint is for a personal injury resulting from negligence.

The action being based upon negligence solely and not maintainable unless brought within three years, the next question which arises is whether the statute of limitations commenced to run against the plaintiff before the demand was made upon the comptroller. Section 105 of the charter provides that " no action shall be maintained against the mayor, aldermen and commonalty of the city of New York unless the claim on which the action is brought has been presented to the comptroller, and he has neglected for thirty days after such presentment to pay the same," and it is urged that the right of action did not accrue until such demand was made. The Code (§ 410) provides that " where a right exists, but a demand is necessary to entitle a person to maintain an action, the time within which the action must be commenced must be computed from the time when the right to make the demand is complete;" and by section 3341 it is declared that " each provision of

this act is to be construed as not affecting any special provision of the statutes remaining unrepealed after the former provision takes effect, which is applicable exclusively to an action against the mayor, aldermen and commonalty of the city of New York, including the recovery, entry and collection of a judgment in such action." It is insisted that under this saving clause the provisions of section 410 do not apply to actions against the city. We think that this construction of the statute cannot be maintained, and that this provision relates to and is intended to enforce the special statutory provision which authorizes and regulates actions against the city, and the application of the statute of limitations is not thereby affected. The intent and purpose of section 105 of the charter was mainly to enable the comptroller to settle claims against the city and thereby save unnecessary costs and expenses in the litigation which must ensue. We think that it was not intended to indefinitely extend the time in all cases within which an action might be brought against the city and thus put in the power of the claimant to delay, without any limitation whatever, and thereby in some instances to deprive the corporation of the benefit of testimony which otherwise might have been adduced in defense against an action brought. The statute was for the benefit of the city and not for the benefit of the claimant. It was not designed to repeal the statute of limitations as to the city and thus deprive it of a defense which belongs to and is the inherent right of ordinary litigants except in cases where it is specifically otherwise provided. The rule insisted upon might operate very oppressively against a municipal corporation whose means of knowledge of claims against it of the nature of the one in controversy could only be acquired through its officers and then generally after a presentation of the same. This construction has been upheld in the Supreme Court in case of *Meehan* v. *Mayor, etc.* (28 Hun, 642). The appellant's counsel relies upon certain authorities cited, which it is claimed sustain the doctrine that the statute of limitations does not begin to run until demand made upon the comptroller. The principal case relied upon is *Fisher* v. *Mayor, etc.* (67 N. Y.

76), which is we think clearly distinguishable from the case at bar. In that case the action was brought to recover the amount of an award for lands taken by virtue of chapter 86 of the Laws of 1813, section 183. That statute provided that the award should be payable to the parties after application to the mayor, etc., thus giving to the plaintiff a cause of action upon strict fulfillment of all the conditions therein prescribed. It will thus be seen that the right of action depended upon the statute, and an adherence to its requirements was essential to maintain it; a demand, therefore, was a part of the cause of action and necessary to be alleged and proven, and without this no cause of action existed.

Under the section of the charter cited (§ 105) the demand required was a condition of maintaining the action and not an essential part of it, upon which the inception of a right is based and the cause of action founded. It is thus manifest that in the case cited the statute gave the cause of action and that it did not exist at common law alone. In the case at bar the cause of action arose upon the principles of the common law and was perfect and complete when the injury occurred to the plaintiff by reason of the negligence of the defendant. It is obvious that there is a plain distinction between the two cases and that the former is not in point.

We have examined the other cases to which our attention has been called, and none of them we think sustain the position contended for by the appellant's counsel.

The judgment should be affirmed.

All concur.

Judgment affirmed.