Daniels, J.
The plaintiff in the years 1867-8 and 1869, carried on the business of a distillery in the city of New York. He was supplied with water for its uses by the commissioners of the Croton Water, and paid in advance of such use by himself the sum of. $2,400 in 1867, the sum of $2,551.31 in 1868, and the sum of $1,069.80 in the year 1869. During a large part of the time for which the water was to have been supplied to him for these payments, his distillery was not in operation, but was seized and held by the internal revenue officers of the United States. And for the time during which the seizure continued, and the business was suspended by means of it, the plaintiff by this action claims to recover back from the city the amount of money which had been received for the unused water.
There was no contract entered into on behalf of the city to refund any portion of either of these sums of money in case the distillery should not be in operation during the times or periods for which the water was to be supplied. What the city did was to agree to supply the water in consideration of the payment of the charges, and no inability or refusal to fulfil its part of the obligation has been alleged by the plaintiff in the case. The only contingency to which the city subjected itself was by a memorandum on the *266 back of the receipt, stating that the charge for extra water was subject to such addition or reduction as any subsequent examination by the engineer of the department might indicate or determine. But no examination of the engineer appeared at any time to have been made, upon which a reduction could be claimed under this memorandum. But the case as it was presented proved the payments or deposits of these sums of money for the use of the water, and an inability on the part of the plaintiff to enjoy such use through no act or default of the city or its authorities. When the plaintiff applied for and obtained the agreement to supply the water, it was wholly at his own option whether he would use it or not. If he failed to use it for any cause not attributable to the defendant, it was necessarily his own loss, the same as it is of every party who is entitled to receive the use of water from a municipal corporation. It has been urged that the water commissioners had no right to exact these sums of money in advance, but by sections 18 and 19 of chapter 383 of the Laws of 1849, the common council were vested with ample authority to prescribe rules and regulations over this subject. And it appeared upon the trial that an ordinance had been adopted directing that the water rents for the use of water should be paid in advance, at the time of applying for the water, and before any permit should be issued. And this was complete authority for the commissioners to require the water rents to be paid or provided for in advance, and to sustain them in receiving these sums of money for this purpose.
During the trial the plaintiff was asked to state what' took place at the water department at the time he made his first deposit. Also, whether he remonstrated, or made any objection, and whether he paid any of these moneys under protest, and what was said at the time when a paper which he received was presented to him, and at the time when other and further payments were made by him. These questions were severally objected to and excluded by the court. And as there was no disclosure or proposal of any pertinent proof expected to be elicited by the answer to the questions, there seems to have been no error in sustaining the objections. The questions were not of such a character as to indicate the expectation that material proof would have been elicited by securing their answers, but they simply inquired for statements, or conversations, not apparently of thé least importance as evidence in the case. The plaintiff also proposed to show what had been the custom of the department in taking moneys on deposit and afterwards paying them back in case the water was not used. But it was not proposed to be shown that any *267 such practice had prevailed between the plaintiff and the water commissioners. And without such offered proof it could not be important to bring into the case evidence of the dealings with other persons having no relations whatever to the business of the plaintiff.
These moneys were paid over and placed in the hands of the commissioners, or the person representing them, over ten years prior to the commencement of this suit, the summons being dated on the 9th of July, 1880, and the action was in part defended by the answer relying upon the Statute of Limitations. And this defense was maintained by the proof taken upon the trial, and the application of the statute, which was required by the unreported case of Mehan v. Mayor, etc., and Dickinson v. Mayor, etc., 92 N. Y., 584. There was no trust connected with these moneys in any form preventing the running and application of the statute, and as no legal reason is presented for disturbing the judgment, it follows that it should be affirmed.
Van Brunt, P. J., and Brady, J., concur.