JAMES W. FRY, APPELLANT, *v.* ELIJAH L. CLOW, RESPONDENT.

*Statute of limitations — when, in an action for conversion, the time does not begin to run until a demand — evidence of conversion which should be submitted to the jury.*

In an action, brought for the conversion of a piano, it appeared that it came into the defendant's possession under a written contract by which he was to pay to the plaintiff for its use a certain sum in installments, payable every six months, the piano to remain the property of the plaintiff until paid for, when it was to become the property of the defendant. The contract was made in 1874, and different payments were made thereon, the last being made under date of May, 1880. In July, 1887, the plaintiff requested payment of the balance due on the contract, which the defendant refused on the ground that the claim was outlawed.

*Held,* that the case came within the second exception to section 410 of the Code of Civil Procedure, providing that "where there was * * * a delivery of personal property not to be returned * * * at a fixed time, or upon a fixed contingency, the time must be computed from the demand."

In September, 1887, the plaintiff demanded of the defendant possession of the piano, in the building in which the defendant was at work, the piano being at that time in the house adjoining on the same village lot, at which time the following conversation took place as stated by the plaintiff: "I told him I had come to demand my pay for *my* piano; he said he did not owe anything for *his* piano; I told him I demanded *my* piano; he made no reply."

*Held,* that a motion to dismiss the complaint, on the ground that no conversion of the piano was shown, was improperly granted; that it was for the jury to decide whether the defendant's withholding of his permission to the plaintiff to take the piano, in connection with his assertion of title to the property was not equivalent to an express refusal to surrender it to the plaintiff.

APPEAL from a judgment of the County Court of Monroe county, entered in the Monroe county clerk's office on March 17, 1888, dismissing the plaintiff's complaint.

*H. L. Bennett*, for the appellant.

*G. P. Decker*, for the respondent.

DWIGHT, J.:

The action was for the conversion of a piano and stool. The complaint alleged property in the plaintiff, the right to immediate possession, and that the same was duly demanded by him and refused by the defendant. The answer, among other things, denied

the allegation of demand and refusal, and pleaded the statute of limitations.

The defendant came into the possession of the property, in 1874, under a written contract with the plaintiff's assignors (D. L. Fry & Co.), by which he was to pay for its use the sum of $425 in installments of fifty dollars every six months, with interest annually on the sum unpaid; the piano and stool to remain the property of D. L. Fry & Co. until the whole sum was paid, when they were to become the property of the defendant. The plaintiff succeeded to the rights of D. L. Fry & Co. in 1875. The defendant made payments at different times, amounting in all to $399; the last payment being made in May, 1880. In July, 1887, the plaintiff requested payment of the balance due him on the contract, which the defendant refused on the ground that " his note " was outlawed; and denied that he had made any such contract as that above stated. In August following the defendant obtained possession of the contract, under the pretense of examining it, and refused to return it to the plaintiff. In September, 1887, the plaintiff demanded of the defendant possession of the property in presence of a witness, whom he had taken with him for that purpose, in a building on the defendant's premises, in which he was found at work, the piano being in the house on the same village lot. The conversation, as related by the plaintiff, was as follows : " I told him I had come to demand my pay for my piano; he said he did not owe anything for *his* piano; I told him I demanded my piano; he made no reply; I told him I demanded my contract again, but he made no reply to that." This action was brought a few days after. At the close of the plaintiff's evidence, by which the foregoing facts were established, the defendant moved that the complaint be dismissed on the ground that the evidence did not make out a conversion of the property; and that the plaintiff's claim was barred by the statute of limitations. The court granted the motion, stating that it did so on the ground last mentioned.

The statute of limitations was not an available defense to this action. To make it such the defendant relied upon the general provision of section 410 of the Code of Civil Procedure; whereas the case falls strictly within the second exception to that provision, which is contained in the same section. The general provision is

as follows: "Where a right exists, but a demand is necessary to entitle a person to maintain an action, the time within which the action must be commenced must be computed from the time when the right to make the demand is complete, except in one of the following cases." The second exception is as follows: "Where there was * * * a delivery of personal property not to be returned * * * at a fixed time, or upon a fixed contingency, the time must be computed from the demand."

The general provision above quoted has, usually, found application in cases where the cause of action was complete in itself, but a demand was made necessary, by statute or otherwise, as preliminary to the commencement of an action. (*Dickinson* v. *The Mayor, etc.*, 28 Hun, 254; S. C., 92 N. Y., 584; *Meehan* v. *The Mayor*, 28 Hun, 642.) But the exceptions indicate that the general provision is entitled to a wider application, and it may perhaps be conceded that, but for the exception quoted, this case would have been governed by the general provision of the section, and that the statute would have commenced to run against the plaintiff's cause of action at the time when he might have demanded possession of the property, although such effect given to the provision of the Code would have been in direct contravention of the rule at common law by which, in cases where demand and refusal are necessary to constitute a conversion, the statute runs only from the date of such demand and refusal. (See *Kelsey* v. *Griswold*, 6 Barb., 436; *Robert* v. *Berdell*, 61 id., 37; S. C., 52 N. Y., 644.) But the case is clearly within the exception which saves the rule of the common law from the possible effect of the general provision of the section. Here was a delivery of personal property which was not to be returned at any fixed time nor upon any fixed contingency. The time within which this action might be commenced was, therefore, to be computed from the day when the demand was actually made.

The question whether the evidence of demand and refusal was such as to establish a wrongful conversion of the property was raised by the motion for a nonsuit, though not referred to in the decision of the motion. We think there was sufficient evidence to go to the jury on that question. The evidence covered three interviews between the parties, described above. In July the defendant denied that he ever made the contract; in August he obtained possession

of the contract and tortiously withheld it from the plaintiff; and in September, when asked for pay for the piano, asserted that it was his, and, when asked for the piano itself was silent. The plaintiff could do no more by way of demand, nor could he compel the defendant to speak in response. He could not enter the defendant's house to take the piano without the defendant's license to do so, and his demand may be regarded as equivalent to a request for, and the defendant's silence to a refusal of, such license. The defendant had dominion of the piano; it was in his house, on the premises where the demand was made. If he had responded to the plaintiff's demand for the property by saying "go and get it," or "you are at liberty to take. it," nothing more could have been required of him by way of accession to the demand. It was for the jury to say whether his withholding of such permission, in connection with his assertion of title to the property, was not equivalent to an express refusal to surrender it to the plaintiff. (*Richards* v. *Pitts Ag. Works*, 37 Hun, 1.) In the case cited the court held that mere silence did not, of itself, constitute conversion, but that all the facts connected therewith were to be considered by the jury. We find no ground upon which the dismissal of the complaint can stand in this case.

The judgment must be reversed and a new trial granted, costs to abide event.

All concur.

Judgment reversed and new trial granted, costs to abide event.