Opinion of the Court, by MACOMBER, J.

ELIZABETH FISHER, Respondent, *v.* WILLIAM RANKIN, Appellant.

*N. Y. Supreme Court, First Department, General Term, May* 24, 1889.

1. *Verdict of jury.*—The verdict of a jury, upon conflicting evidence, and based upon the testimony of credible witnesses, will not be disturbed, unless, at the trial, errors are committed which affect such verdict to the detriment of the appellant.

2. *Complaint. Variance.*—A difference between an allegation in the complaint that " plaintiff's thigh bone was dislocated," etc., and the proof that " she had sustained a fracture of the right hip," is not a variance, which requires any action to be taken on the part of the court, by way of amending the complaint or otherwise.

3. *Same. Affidavit.*—Where, in case of a variance, a party is offered an ample opportunity to make his affidavit of surprise, in which case a juror would be withdrawn and the case go over the term to enable him to meet such variance, and he declines such suggestion, his exception to the ruling of the court is of no avail.

4. *Negligence. Obstruction.*—The public is entitled to an unobstructed passage upon the streets, including the sidewalks of a city, and an unauthorized obstruction gives a right of action to a party injured, without placing upon him the necessity of proving actual negligence upon the part of the defendant in maintaining and guarding the obstruction.

5. *Same.*—Where the complaint clearly charges an injury by reason of an unlawful obstruction in the sidewalk, adjacent to defendants' premises, and the proof establishes the allegation, the defendant cannot complain that the plaintiff did not go further and show an actual negligent maintenance of this obstruction.

Appeal from a judgment entered on a verdict, and from an order denying a motion for a new trial on the minutes.

*Robert Deyo*, for appellant.

*Christopher Fine*, for respondent.

MACOMBER, J,—The action is brought to recover damages for injuries received by the plaintiff by reason of a fall on

the sidewalk on Forty-eighth street, near the Northeast corner of Tenth avenue, New York city.

At the time the personal injuries were received by the plaintiff, namely, the 15th day of July, 1884, the defendant was the owner and in possession of the land and buildings between Forty-eighth and Forty-ninth streets, on Tenth avenue, running back a distance of eighty feet on each of said streets.

After building eight houses thereon, the defendant proceeded, through contractors, to make a new pavement of asphalt along Forty-eighth street. The method adopted for this purpose was the removal of the soil to a proper depth, and then to place at the bottom coal, ashes and cinders wetted and rammed down to a proper thickness. On the top of this was placed a layer of cement and gravel, or small stones, which formed the surface of the pavement. During the concreting of the inside half of the sidewalk, the outer half was left open to the public. After the inside half was ready for use it was opened to the public, and the outside half completed.

Between nine and ten o'clock of the evening of July 15, 1884, the plaintiff, who was a woman sixty-four years of age, was injured at the place indicated, and suffered thereby an *inter-capsula* fracture of the upper end of the hip bone.

The testimony in behalf of the plaintiff tended to show that the transit from that portion of the sidewalk already erected to the excavated portion thereof, was abrupt and precipitous, being a distance ranging, according to the testimony of the several witnesses, from seven to fourteen inches, from a smooth to a rough and ragged surface, composed of broken stones and loose ashes.

The evidence in behalf of the defendant tended to show that the descent from the adjacent portion of the completed walk to the unimproved and excavated portion thereof was beveled off at an easy grade of half an inch to the foot, and, consequently, was not dangerous to pedestrians.

Under this conflict of evidence, which appears in detail in the case, the verdict of the jury, which was based upon the testimony of credible witnesses, ought not to be disturbed, unless, at the trial, some errors were committed which affected such verdict, to the detriment of the defendant.

The learned counsel for the appellant argues that it was error for the trial judge to receive the evidence as to the nature of the injuries, because they varied, from the allegations of the complaint. The medical testimony showed that the plaintiff had sustained a fracture of the right hip, termed, by the profession, an *inter-capsula* fracture; that is to say, a fracture in the *capsula* of the hip joint. The complaint alleges that the plaintiff was severely "cut, bruised and wounded in various parts of her body, her thigh bone was dislocated and she suffered other and severe painful injuries."

Clearly this is not a variance between the pleadings and the proof, which required any action to be taken on the part of the court, by way of amending the complaint or otherwise. But even if it were such a variance, the defendant was offered, when objection was made, an ample opportunity to make his affidavit of surprise, if he could do so, with the ruling, by the court, that if such affidavit were made, a juror would be withdrawn and the case go over the term, to enable the defendant to meet what he claimed to be this variance between the allegation and the proof. Such suggestion, however, was declined by the learned counsel for the defendant. His exception to the ruling of the court, under the circumstances, is of no avail.

It is also argued, in behalf of the appellant, that inasmuch as the recovery was based upon the proof of the maintenance, by the defendant, of a nuisance, the verdict should be set aside because the allegations of the complaint were based upon the alleged negligence of the defendant in maintaining the sidewalk in an unsafe condition.

The second paragraph of the complaint, standing alone, would constitute a complaint for trespass in maintaining, without lawful right, an unsafe sidewalk in the city of New York. While it is true that the third paragraph thereof says that the injuries were caused wholly by the carelessness and negligence of the defendant, yet it does not appear to us that the plaintiff could not maintain her action without showing the negligent maintenance of the condition of the street while engaged in making proper repairs to the sidewalk under municipal permission. The case of Dickinson *v.* The Mayor, etc. (92 N. Y. 584), is relied upon by the defendant's counsel as determining that under these allegations of the complaint a recovery could not be had for maintaining a nuisance. That case, however, cannot be used for any such purpose. That decision is only to the effect that a complaint alleging that the defendant improperly, carelessly, negligently and unlawfully suffered ice and snow to be and remain upon the crosswalk at an intersection of two streets in the city of New York, was to recover damages for personal injuries resulting from negligence, and that the time limited for the commencement of such an action was, under the Code of Civil Procedure, three years. In that case there was no active part taken by the defendant in producing the accumulation of ice which caused the injury. In the case before us, however, it is shown that buildings were constructed by the defendant for his own benefit, and that the sidewalks were improved by him through the instrumentality of contractors, it is true, but without any permit for the change granted by the municipal authorities. The cause of action, therefore, was not for carelessly maintaining in an unsafe condition a sidewalk which was authorized by the city authorities to be relaid, but was rather for an unwarranted and unlawful obstruction to the free passage upon the sidewalk. The case of Clifford *v.* Dam (81 N. Y. 52), is an authority sustaining the rulings of the court on this trial, and warranting a recovery of damages.

There it is held that the public is entitled to an unobstructed passage upon the streets, including the sidewalks of the city, and that an unauthorized obstruction gave a right of action to a party injured, without placing upon him the necessity of proving actual negligence upon the part of the defendant in maintaining and guarding the obstruction.

In the case at bar, had it proceeded upon the assumption of a lawful improvement negligently carried out, a different question would, undoubtedly, arise.

Moreover, the defendant is not in a position to complain under the complaint, the principal allegations of which are above stated, that he was misled upon the trial in any particular.    The charge was clearly made in the complaint of an injury by reason of an unlawful obstruction in the sidewalk adjacent to the plaintiff's premises, which the law required him to maintain in a reasonably safe condition, sufficient proof adduced to establish that allegation, and the defendant had no right to complain that the plaintiff did not go further and show an actual negligent maintenance of this obstruction.

The amount of the verdict, though liberal, does not seem to be excessive within the rules governing such cases, and the numerous precedents of this court.

The other objections and exceptions to a recovery by the plaintiff have been examined in detail, and we do not find in them anything which would lead to a reversal of the judgment, or which requires special comment.

The judgment should be affirmed with costs.

VAN BRUNT, Ch. J., and BARTLETT, J., concur.