### ZIMMER *v.* BANTEL *et al.*

*(Supreme Court, General Term, Fifth Department. December 30, 1889.)*

TROVER AND CONVERSION—PROOF OF CONVERSION.

Plaintiff, in an action for conversion against several defendants, claimed title by virtue of a chattel mortgage executed to him by a third person. The complaint

did not allege a copartnership between defendants, nor any other fact which would render either or any of them liable for the acts of any other; and there was no evidence of an actual conversion of the property by either of the defendants, nor of a demand made on either of them, except at a time when the property was not in the possession or under the control of the defendant on whom the demand was made. *Held,* that such facts do not establish a wrongful conversion of the property.

Appeal from Monroe county court.

Action by Frederick Zimmer against George Bantel and others for the conversion of a horse. From a judgment of the county court, Monroe county, plaintiff appeals.

Argued before BARKER, P. J., and DWIGHT and MACOMBER, JJ.

*H. J. Sullivan,* for appellant. *P. Chamberlain,* for respondents.

DWIGHT, J. The action was for the conversion of a horse. Three defendants, George Bantel, George B. Bantel, and Joseph Bantel, were named in the summons, and served as such in the action. The plaintiff by his complaint claimed title to the property under a chattel mortgage executed to him by one Weyle. The complaint also alleged that the defendant wrongfully took and converted the property, and refused to deliver the same on demand. There was no allegation of copartnership between the defendants, nor of any other fact which would render either or any of the defendants liable for the acts of any other. The judgment was against the defendant, without specifying either of them, or dismissing the complaint as to the others. Of course the judgment could not stand as a judgment against either one of the defendants. But we shall assume, as the plaintiff contends, that the word "defendant" in both the complaint and the judgment, as returned by the justice, was written for "defendants," and that the clerical error might have been disregarded on the appeal to the county court. In that case we find that the judgment was properly reversed, because there was a lack of evidence to support it as against the three defendants, and their motion for a nonsuit should have been granted.

Aside from the question whether the plaintiff had established his title to, and right of possession of, the property, there was no evidence whatever to charge the three defendants with its conversion. The two defendants George B. and Joseph Bantel are not mentioned in the evidence either by name or by any description which identifies them, or either of them, with the person or persons spoken of. There were only two witnesses sworn for the plaintiff,—himself and his agent, Gaffin; and the defendants gave no evidence. The plaintiff testified to conversations with George Bantel only; that George Bantel told him "that he had the horse, and had sold him, or his boys had;" and at another time, "that the boys had traded the horse off." Who "the boys" were there is nothing to explain, nor in what relation the other two defendants stood to George Bantel. Gaffin testified first to a conversation with "the son and partner" of George Bantel, but does not identify that person with either of the defendants. He testified that he afterwards saw the defendant George Bantel, and demanded the horse for the plaintiff; that the defendant said the horse belonged to him, and refused to deliver it, saying that it had been "sold or traded long ago." This is all the evidence given on the subject of a conversion. It was manifestly insufficient to warrant a judgment against all or either of the defendants. There was no evidence of an actual conversion of the property by either, much less by all the defendants; and no evidence that the property was demanded of either of the defendants except George Bantel, and that at a time when, so far as the evidence shows, it was not in his possession or under his control. Under such circumstances, evidence of demand and refusal merely does not establish a wrongful conversion of the property. *Andrews* v. *Shattuck,* 32 Barb. 396; *Gillet* v. *Roberts,* 57 N. Y. 28.

The motion for a nonsuit on the ground that the plaintiff had failed to make out a cause of action should have been granted as to all the defendants, and the judgment of the county court reversing that of the justice must be affirmed. All concur.   Judgment of county court affirmed, with costs.