## GREGORY *v.* FICHTNER.

(*Common Pleas of New York City and County, General Term.* June 1, 1891.)

1. TROVER AND CONVERSION—WHAT CONSTITUTES CONVERSION—SUFFICIENCY OF COMPLAINT.

A complaint which alleges property in plaintiff, possession by defendant as bailee, the value of the property, and defendant's refusal to deliver the same on demand, states all that is requisite to support an action for the conversion of the property.

2. SAME—SUFFICIENCY.

Plaintiff demanded possession of certain articles from defendant, which he refused, giving her a push, and saying: "Go away from here. Whatever I have I will keep." There was evidence to show that defendant had the articles in his possession. *Held*, that defendant's refusal to deliver under such circumstances furnished full proof of conversion.

3. LIMITATION OF ACTIONS—RUNNING OF STATUTE—DEMAND.

In an action to recover for the conversion of personal property, in the absence of evidence of any actual conversion, a refusal to deliver on demand will be held to constitute a conversion from which the statute of limitations will run under Code Civil Proc. N. Y. § 410, which provides that "where there was a delivery of personal property, not to be returned * * * at a fixed time or upon a fixed contingency, the time must be computed from the demand.

4. WITNESS—COMPETENCY—TRANSACTION WITH DECEASED PERSON.

Plaintiff in an action against the administrator for the conversion of plaintiff's goods by decedent is not incompetent to testify as to the value of the goods under Civil Proc. N. Y., which provides that a living party in interest shall not testify in an action against the representative of a deceased person as to any "personal transaction or communication between the witness and the deceased person."

5. EVIDENCE—OPINION—EXPERT TESTIMONY.

In an action to recover for a conversion of a quantity of jewelry, plaintiff was allowed to give her opinion in evidence as to its value. *Held*, that it was error to allow witness to testify as to her opinion without showing that she was an expert judge of the value of jewelry.

6. WITNESS—TRANSACTION WITH DECEASED PERSON—COMPETENCY.

In an action to recover for conversion of goods, plaintiff testified that she delivered certain articles of jewelry in a box to a third person to be delivered to defendant's testator, and such third person testified that she delivered the box to decedent, but did not know what was in it. *Held* that, by reason of such third person's ignorance of the contents of the box, the only testimony as to the delivery of the contents of the box was that given by plaintiff, which was inadmissible, and should have been stricken out, under Code Civil Proc. N. Y. § 829, excluding the testimony of a party in interest in an action against the representative of a deceased person "concerning a personal transaction * * * between the witness and a deceased person."

Reversing 13 N. Y. Supp. 593.

Appeal from city court, general term.

Action by Amalie Gregory against August Fichtner, as executor of Hermann Schwannecke, deceased. From a judgment for plaintiff, defendant appeals.

Argued before DALY, C. J., and ALLEN and PRYOR, JJ.

*Straley, Hasbrouck & Schloeder,* (*John A. Straley,* of counsel,) for appellant. *Hiram Ketchum,* (*John Stacom,* of counsel,) for respondent.

PRYOR, J. The contention that the proof was insufficient to authorize a verdict for the plaintiff is clearly untenable, and upon an appeal from a judgment of affirmance by the general term we have no jurisdiction to review the weight of evidence. We are confined, therefore, to the consideration of errors in law apparent on the record. As intimated, the court rightly refused to dismiss the complaint, either for intrinsic defect or insufficiency of proof. The complaint alleges property in the plaintiff, possession by the defendant as bailee, his refusal on demand to deliver the jewelry, and its value. Nothing more was requisite to a cause of action for conversion. And of these allegations something more at least than a *scintilla* of evidence was adduced. The criticism of the appellant is that the jewelry owned and demanded by the plaintiff was not identified by proof as the jewelry in controversy; but, as

only one parcel of jewelry is indicated either by the pleadings or the evidence, the inference is irresistible that the jewelry demanded by the plaintiff was the jewelry detained by the defendant. The appellant argues that the demand and refusal in evidence was not sufficient proof of conversion, because it was not apparent that the defendant had either possession of the jewelry, or had parted with it to evade delivery of it. But, if a defendant has parted with possession, it is not necessary to show that he did so with a fraudulent purpose. The facts here fail to support the proposition on which the appellant relies, namely: "If, at the time the demand is made, the goods are in the actual possession of another, and the person of whom the demand is made has not, and never had, any control over them, the fact that he claims the goods, and declares they are his own property, will not amount to a conversion," (*Andrews* v. *Shattuck*, 32 Barb. 396,) but the evidence presents rather that other criterion of conversion propounded by EARL, C., in *Gillet* v. *Roberts*, 57 N. Y. 28, namely: "Where mere words are relied upon, they must be uttered under such circumstances, in proximity to the property, as to show a defiance of the owner's right, a determination to exercise dominion and control over the property, and to exclude the owner from the exercise of his rights." The uncontradicted evidence is that the defendant's testator had possession of the jewelry, and that, when the plaintiff demanded it of him, "he gave her a push," and said: "Go away from here. Whatever I have I will keep." A refusal to deliver, under such circumstances, furnishes plenary proof of conversion.

The appellant further contends that his plea of the statute of limitations was made good by uncontroverted evidence. The proof is that in 1872 the defendant received the articles of jewelry on deposit for an indefinite period, and that in 1884 or 1885 the return of them was demanded by the plaintiff. The action was commenced in February, 1885. In the absence of evidence of any actual conversion the refusal to deliver on demand constituted the conversion, and indisputably the statute commenced to run at the time of that refusal. It was so at common law, and it is so by the express terms of the Code, which provides that "where there was a delivery of personal property, not to be returned at a fixed time or upon a fixed contingency, the time must be computed from the demand." Section 410, subd. 2. "This section was a codification of the law as it existed at the time of its adoption, and created no new rule of law," (*King* v. *Mackellar*, 109 N. Y. 215, 224, 16 N. E. Rep. 201,) and at common law the rule was elementary that "where a demand is necessary to perfect a right of action, the statute runs from the demand," (13 Amer. & Eng. Enc. Law, 721; *Payne* v. *Gardiner*, 29 N. Y. 146; *Smiley* v. *Fry*, 100 N. Y. 262, 3 N. E. Rep. 186.) The authority relied upon by the appellant,—*Ganley* v. *Bank*, 98 N. Y. 487,—instead of sustaining, quite clearly discredits, his contention. The distinction is between a deposit for a determinate and a deposit for an indeterminate period; and in the latter case the Code, § 410, expressly provides that "the time must be computed from the demand." Here, the jewelry was not to be returned "at a fixed time or upon a fixed contingency,"—in other words, the deposit was for an indefinite time; and so the statute of limitations is no answer to the action. *Fry* v. *Clow*, 3 N. Y. Supp. 593.

So far as to allegations of error which we find to be untenable. We proceed to indicate others which we deem to be well supported, and of sufficient moment to require a reversal of the judgment. Although the action be against an executor, the plaintiff was not incompetent, under section 829 of the Code, to testify to the value of the jewelry. *Burrows* v. *Butler*, 38 Hun, 157. But, as a condition of the admissibility of her opinion, it was necessary to show that she was competent to form an opinion; in other words, that she was an expert on the value of jewelry. That a witness cannot testify as an expert unless he be an expert is elementary law and familiar practice.

7 Amer. & Eng. Enc. Law, 514. Yet here, without any evidence whatever of her qualification to speak as to the value of the jewelry, the plaintiff was allowed to state the value as $1,857. True, she had said that she bought the jewelry, but she did not give the price; and the mere fact of the purchase was no proof of her acquaintance with the value. On objection to the evidence as incompetent, the learned trial judge answered: "I will allow you [defendant's counsel] to cross-examine the witness concerning her knowledge as to the value of this jewelry;" implying that the burden is upon a party to prove the incompetency of an adverse witness, rather than upon the party producing him to show his competency. This error in the admission of evidence was palpably prejudicial to the appellant, for the case discloses no other proof of value to sustain the verdict; and in his charge the learned trial judge assumed that the value was so conclusively shown by the plaintiff's testimony as not to be a question for the jury. In vain the respondent cites *Jones* v. *Morgan*, 90 N. Y. 10, as establishing the sufficiency of the proof of value in the present case, for there there was evidence of the cost price, and of deterioration by age and use, while here neither of those facts is exhibited. Another error in the admission of evidence is equally fatal to the judgment. It was, of course, an indispensable part of the plaintiff's case to prove what and how much jewelry had been delivered to the defendant, and the fact was shown thus: The plaintiff testified that she put the jewelry in a box; that the jewelry consisted of such and so many pieces; and that she left the box in custody of Mrs. Immer, with directions to deliver it to the defendant's testator. Mrs. Immer then testified that she did not know what was in the box, but that she delivered it to the defendant's testator; and so, and not otherwise, was it proved that the defendant's testator received the particular pieces, and all the pieces, of the jewelry for the conversion of which the plaintiff has recovered damages. The defendant moved to strike out the plaintiff's testimony as to what jewelry was delivered to the defendant's testator, on the ground that it was incompetent under section 829 of the Code; but the motion was denied, with an exception. The defendant then moved the court for a dismissal of the complaint on the ground "that there is no competent evidence of the delivery of the articles," which was also denied, with an exception. Finally, the defendant requested the court to charge the jury "that there is no competent proof of the delivery of the jewelry," and this, too, was denied, with an exception. Thus the point is duly presented that the plaintiff was incompetent, under section 829 of the Code, to testify to the delivery of the jewelry to the defendant's testator. Did the plaintiff's testimony go to prove a personal transaction or communication with the deceased? Mrs. Immer did not show what jewelry was delivered to the deceased, for she did not know. She proved only that she had delivered the box to him. It was by the evidence of the plaintiff that the jury were informed what jewelry was delivered to the deceased. Strike out the plaintiff's testimony, and there is no evidence of that delivery. And the transaction was between the plaintiff and the deceased,—although an unconscious intermediary was employed,—as strictly and essentially as if the box had been sent by the plaintiff to the deceased through the agency of the post-office or an express company. Suppose an action for the conversion of articles inclosed in an envelope and transmitted by mail. A third party proves the delivery of the envelope to the deceased, and then the plaintiff offers to testify to the contents of the envelope. Would not such evidence be rejected as involving strictly and essentially a personal *communication* by the plaintiff to the deceased? Disclosure of the contents of the envelope is not by the plaintiff to the postmaster, but is made, for the first time, to the deceased. So here the contents of the box were not divulged to Mrs. Immer, and she did not reveal them to the deceased; but knowledge of those contents was, in the most literal sense, imparted to the deceased by the plaintiff. Plainly it was a personal transaction and communication between the plain-

tiff and the defendant's testator. Statutes are to be construed so as to effect-uate the remedy for which they are designed; and the mischief against which section 829 of the Code was directed is testimony by an interested party of a transaction or communication which the decease of the other party makes in-capable of contradiction. The present case involves the mischief, since the plaintiff testified to a transaction and communication as to which only the de-ceased could speak; and, being within the mischief of the former law, it is within the scope of the remedy which the new law contemplates. "The stat-ute is a beneficial one, and ought not to be limited or narrowed by construc-tion. Although it must appear that the interview or transaction sought to be excluded was a personal one, it need not have been private, or confined to the witness and the deceased. A contrary rule would defeat the reasonable intent of the statute that a surviving party should be excluded, as one inter-ested, from maintaining by his testimony an issue which in any degree in-volved a communication or transaction between himself and a deceased per-son." *Holcomb* v. *Holcomb*, 95 N. Y. 316, 325; *Heyne* v. *Doerfler*, (N. Y.) 26 N. E. Rep. 1044. "Any fact as to which a party is prohibited from testifying by section 829 of the Code cannot be established inferentially from his testimony." *Johnson* v. *Spies*, 5 Hun, 468. "A fact that cannot be proved by him di-rectly cannot be established inferentially by his testimony." *Jacques* v. *El-more*, 7 Hun, 676; *Grey* v. *Grey*, 47 N. Y. 554. We are of opinion that the evidence in discussion was incompetent, and its admission error. Judgment reversed, and new trial; costs to abide the event. All concur.