### DUZETS v. LEVINE et al.

(Supreme Court, Appellate Term, First Department. January 3, 1914.)

TROVER AND CONVERSION (§ 22*)—RIGHT OF ACTION—SALES.

Where a seller, before delivery of an engine sold, wrongfully resold it to another, but, before delivery to the second buyer, secured the first buyer's implied consent to the resale, he was not liable to the first buyer for conversion of the engine though such buyer had paid part of the purchase price.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§, 152–162, 167–169; Dec. Dig. § 22.*]

---

Appeal from Municipal Court, Borough of The Bronx, Second District.

Action by Peter A. Duzets against Benjamin A. Levine and others. From a judgment for plaintiff, defendant named appeals. Reversed, and complaint dismissed.

Argued December term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Samuel D. Matthews, of New York City, for appellant.
Joseph Lichtenberg, of New York City, for respondent.

GUY, J.   This action is to recover for the conversion of an engine and is brought against the appellant Levine, the defendant Marine Wrecking Company, which answered but did not defend, and one Bull, a partner of defendant Levine, who was not served. The defense is a general denial.

On April 10, 1913, plaintiff bought from the Globe Contracting Company, a partnership consisting of appellant Levine and defendant Bull, an engine for $625; the sale being made by one Mulholland, who, prior to that time, had been appointed by Bull as attorney in fact in connection with the business of the Globe Contracting Company. Mulholland showed plaintiff his power of attorney and also a letter from defendant Levine stating that Mulholland had a half interest in the engine and was authorized to sell same. At the time of purchasing said engine, plaintiff paid Mulholland $225, in checks, which were subsequently indorsed by the Globe Contracting Company, Mulholland, attorney in fact, and were paid. Mulholland also gave plaintiff, at the same time, a receipt signed Globe Contracting Company, Mulholland, attorney in fact. On or about April 25, 1913, Mulholland sold the same engine to the Marine Wrecking Company for $662.50. Plaintiff learned of this sale and, before delivery of the engine had been made, demanded, on May 10, 1913, the engine from the Globe Contracting Company and defendant Levine, which demand was not complied with.

While it is clear on the evidence that plaintiff would not have been entitled to possession of the engine until he paid or tendered the balance of the purchase price thereof to the Globe Contracting Company, had the defendant Levine, by wrongfully delivering the possession of the engine to the Marine Wrecking Company, put it out of his power to deliver the same to plaintiff upon payment of the balance of the purchase price, such wrongful delivery would have constituted a conversion on his part. Kavanaugh v. McIntyre, 128 App. Div. 722, 724, 112 N. Y. Supp. 987; Andrews v. Schattuck, 32 Barb. 396. It does not appear, however, that there was any such wrongful and unauthorized delivery by Levine to the Marine Wrecking Company. The evidence shows a wrongful sale to the Marine Wrecking Company; but, before the sale had been consummated by the delivery of the engine to said purchaser, plaintiff met the defendant Levine with one Reiss, president of the Marine Wrecking Company, and an attorney who represented the Marine Wrecking Company, at the attorney's office; that a conversation there ensued in which it was arranged between Levine, Reiss, and said attorney that the Marine Wrecking Company should

deposit in escrow with said attorney the sum of $662.50, and that the engine should be at once delivered to the Marine Wrecking Company. There is contradictory evidence as to whether plaintiff was to be reimbursed the moneys paid by him out of said $662.50. The evidence is uncontradicted that plaintiff was present during the conversation in the attorney's office, and, while not directly a party to the agreement, acquiesced therein and impliedly consented to the delivery of the engine to the Marine Wrecking Company. While under this state of facts plaintiff may have a good cause of action against defendants for money had and received, he has failed to make out his cause of action herein, and the judgment must be reversed, with costs, and the complaint dismissed, with costs.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.